1    BARRY J. PORTMAN
    Federal Public Defender
2    JODI LINKER
    Assistant Federal Public Defender
3    19th Floor Federal Building
    450 Golden Gate Avenue
4    San Francisco, CA 94102
    Telephone: (415) 436-7700
5

    Counsel for Defendant GARDNER
6

7

8               IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,       )    No. CR-07-0454 PJH (EMC)
                                )
12            Plaintiff,         )    DEFENDANT GARDNER'S OPPOSITION
                                )    TO MANDATORY ELECTRONIC
13    v.                           )    MONITORING CONDITION
                                )
14    LATOSHA GARDNER,           )    Date: October 26, 2007
                                )    Time: 9:30 a.m.
15                                 )    Court: Hon. Edward M. Chen
                   Defendant.       )
16 _____ )

17

18

19

20

21

22

23

24

25

26

1

2

**TABLE OF CONTENTS**

3    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5        I.    After an Individualized Determination, This Court Released Ms. Gardner on
       August 16, 2007 Without An Electronic Monitoring Condition . . . . . . . . . . . . . . 2

6

7        II.    The Adam Walsh Act Adds Unconstitutional Requirements to the Bail Reform
       Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9        I.    The Adam Walsh Amendments Violate the Excessive Bail Clause of the Eighth
       Amendment Because There is No Individualized Determination of the

10            Appropriate Bail Conditions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11       II.    The Adam Walsh Amendments Violate Ms. Gardner's Procedural Due Process
       Rights Under the Fifth Amendment By Stripping Away Necessary Procedural

12            Safeguards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

13       III.    The Adam Walsh Amendments Violate The Separation of Powers Doctrine . . . 12

14   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15

16

17

18

19

20

21

22

23

24

25

26

1

**TABLE OF AUTHORITIES**

2

U.S. CONSTITUTION

3

U.S. Const. amend V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

4

U.S. Const. amend. VIII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

5

FEDERAL CASES

6

*Goldberg v. Kelly*, 397 U.S. 254 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

7

*Hamdi v. Rumsfeld*, 542 U.S. 507 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

8

*Michael H. v. Gerald D.*, 491 U.S. 110 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9

*Mistretta v. United States*, 488 U.S. 361 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

10

*Myers v. United States*, 272 U.S. 52 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11

*Reno v. Koray*, 515 U.S. 50 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

*Stack v. Boyle*, 342 U.S. 1 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 13

13

*United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . passim

14

*United States v. Klein*, 80 U.S. 128 (1871) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

15

*United States v. Salerno*, 481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

16

*United States v. Scott*, 450 F.3d 863 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

17

FEDERAL STATUTES

18

Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248 . . . . . . . . . . passim

19

Bail Reform Act of 1984,18 U.S.C. § 3142(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

20

21

22

23

24

25

26

ii

1  BARRY J. PORTMAN
   Federal Public Defender
2  JODI LINKER
   Assistant Federal Public Defender
3  19th Floor Federal Building
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   Telephone:  (415) 436-7700
5
   Counsel for Defendant GARDNER
6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )    No. CR-07-0454 PJH (EMC)
                                       )
12              Plaintiff,             )    DEFENDANT GARDNER'S OPPOSITION
                                       )    TO MANDATORY ELECTRONIC
13  v.                                 )    MONITORING CONDITION
                                       )
14  LATOSHA GARDNER,                   )    Date: October 26, 2007
                                       )    Time: 9:30 a.m.
15                                     )    Court: Hon. Edward M. Chen
                Defendant.             )
16  _____)

17                      **INTRODUCTION**

18       On August 16, 2007, after a full adversarial hearing regarding the conditions of pretrial

19  release necessary to assure that Latosha Gardner would appear at all court proceedings and not

20  endanger the safety of any other person or the community, this Court determined that electronic

21  monitoring was not necessary as a condition of Ms. Gardner's pretrial release.  Instead, after an

22  individualized review of Ms. Gardner's particular circumstances, this Court ordered other, less

23  onerous, conditions of pretrial release.  Nonetheless, while Ms. Gardner has performed

24  exceptionally well on pretrial release, the government is now requesting that this Court place her

25  on electronic monitoring without any individualize showing that such a condition is warranted in

26  her case.  To the contrary, the government asserts that this Court *must* – regardless of Ms.

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)                 1

1   Gardner's individual circumstances – impose such a condition because it is mandatory under the

2   Adam Walsh Amendments to the Bail Reform Act of 1984.  Ms. Gardner respectfully requests

3   that this Court deny the government's request for electronic monitoring because this mandatory

4   condition of pretrial release violates the Eighth Amendment Excessive Bail Clause, Ms.

5   Gardner's procedural due process rights under the Fifth Amendment and the separation of

6   powers doctrine.  *See United States v. Salerno*, 481 U.S. 739 (1987); *United States v. Crowell*,

7   2006 WL 3541736 (W.D.N.Y. 2006).

8   **BACKGROUND**

9   **I.      After an Individualized Determination, This Court Released Ms. Gardner on
            August 16, 2007 Without An Electronic Monitoring Condition**

10

11  On August 13, 2007, Ms. Gardner made her initial appearance before this Court on an

12  indictment charging her with conspiracy to engage in sex trafficking of a minor in violation of 18

13  U.S.C. Section 371 and sex trafficking of a minor in violation of 18 U.S.C. Section 1591.  At her

14  arraignment, the government moved for detention.  A detention hearing was held by this Court

15  on August 16, 2007, at which the pretrial services officer recommended that Ms. Gardner be

16  released on conditions.  The government did not oppose Ms. Gardner's release, but requested that

17  Ms. Gardner be placed on electronic monitoring as a condition of her pretrial release.  After a

18  thorough hearing at which both parties were heard, the Court determined that electronic

19  monitoring was not necessary given Ms. Gardner's individual circumstances[1] and ordered that

20  she be released on the following conditions:

21  ///

22  —————————————————

23  [1]To remind the Court of Ms. Gardner's personal circumstances: Ms. Gardner is a thirty-five year-old female with absolutely no criminal history.  She is a patient care assistant at U.C.

24  San Francisco, and has been so employed for approximately nine years.  She has never never had any problems at work and is a model employee.  Ms. Gardner is the union representative for the

25  patient care assistants at the hospital and also spends a significant amount of her time on union activities.  At her detention hearing, three individuals agreed to sign a bond on behalf of Ms.

26  Gardner in the amount of $25,000 each.

1     •     Execute an appearance bond in the amount of $75,000, unsecured and signed by

2           three sureties at $25,000 each;

3     •     Appear at all proceedings as ordered by the Court and surrender for service of any

4           sentence imposed;

5     •     Not commit any federal, state, or local crime;

6     •     Not harass, threaten, intimidate, injure, tamper with or retaliate against any

7           witness, victim, informant, juror, or officer of the Court, or obstruct any criminal

8           investigation;

9     •     Not travel outside the Northern District of California;

10     •     Report in person immediately upon release and thereafter as directed to Pretrial

11           Services in San Francisco;

12     •     Not possess any firearm, destructive device, or other dangerous weapon;

13     •     Maintain current employment, or if unemployed seek and maintain verifiable

14           employment;

15     •     Have no contact with any co-defendant out of the presence of counsel;

16     •     Not change residence without prior approval of Pretrial Services;

17     •     Comply with a curfew as determined by Pretrial Services; and

18     •     Have no contact with the "minor victim" and "Daphne Vickers."

19   *See* Order Setting Conditions of Release and Appearance Bond, August 16, 2007.

20       The pretrial services officer has not reported any violations by Ms. Gardner while on

21 pretrial release, and can assure the Court that Ms. Gardner has performed well on pretrial release.

22 Nonetheless, on October 4, 2007, Assistant United States Attorney Denise Barton sent a letter to

23 Pretrial Services Officer Michelle Nero, with a copy to defense counsel, stating that she had

24 realized that Ms. Gardner "should have, upon her release, been placed on mandatory electronic

25 monitoring, by virtue of the crime with which she is charged." October 4, 2007 letter from

26 AUSA Barton to PTS Officer Nero attached hereto as Exhibit A. Accordingly, Ms. Barton

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)        3

1 │ requested that this bail review hearing be placed on the Court's calendar.[2] *Id*.

2 │ **II.      The Adam Walsh Act Adds Unconstitutional Requirements to the Bail Reform Act**

3 │     The detention provisions of the Bail Reform Act of 1984 create a rebuttable presumption

4 │ that release pending trial should be denied for defendants charged with certain crimes.  18 U.S.C.

5 │ § 3142(e).  This presumption, however, may be rebutted at a hearing where the defendant shows

6 │ that detention is not necessary to assure court appearances or for the community's protection.  18

7 │ U.S.C. § 3142(f).  The fact that a defendant has been charged with a particular crime, however,

8 │ "is not enough" to require detention; rather, there are procedural safeguards built into the Bail

9 │ Reform Act of 1984 that the Supreme Court has determined are necessary to protect a

10 │ defendant's constitutional rights:  "In a full-blown adversarial haring, the Government must

11 │ convince a neutral decisionmaker by clear and convincing evidence that no conditions of release

12 │ can reasonably assure the safety of the community or any person."  *Salerno*, 481 U.S. at 750.

13 │     On July 27, 2006, Congress enacted the "Adam Walsh Child Protection and Safety Act of

14 │ 2006," H.R. 4472, Pub. L. No. 109-248, which amended the Bail Reform Act of 1984, 18 U.S.C.

15 │ Section 3142(c)(1)(B) (hereinafter "Adam Walsh Amendments") to remove this rebuttable

16 │ presumption and procedural safeguards in certain cases.  The provision now reads as follows:

17 │     (c) Release on conditions. – (1) If the judicial officer determines that the release described
   │ in Section (b) of this section will not reasonably assure the appearance of the person as
18 │ required or will endanger the safety of any other person or the community, such judicial
   │ officer shall order the pretrial release of the person–
19 │
   │          * * * *
20 │     (B) subject to the least restrictive further conditions, or a combination of conditions, that
   │ such judicial officer determines will reasonably assure the appearance of the person as
21 │ required and the safety of any other person and the community, which may include the

22 │ ─────────────────────

23 │     [2]In Ms. Barton's October 4th letter, she also attached a letter to co-defendant Shannon
   │ Blaylock from his mother.  While the pretrial services officer refused to consider this letter a
24 │ violation, Ms. Barton stated that she believed this letter to be evidence that Ms. Gardner had
   │ violated the condition of her release that she have no contact with any co-defendant out of the
25 │ presence of counsel.  Ms. Gardner denies any violation of the conditions of her pretrial release
   │ and, similar to the pretrial services officer's conclusion, asserts that this letter does not support
26 │ the government's argument that there has been any such violation.

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)                    4

1  condition that the person– [be subjected to any condition or combination of conditions
   listed in 3142(c)(1)(B) (i) through (xiv)].

2

3  **In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title,**

4  **or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the**

5  **conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).**

6  18 U.S.C. § 3142(c)(1)(B) (2006) (as amended) (emphasis added).

7  Subparagraphs (iv), (v), (vi), (vii) and (viii) referenced above provide for the following

8  conditions:

9  (iv) abide by specified restrictions on personal associations, place of abode, or travel;
   (v) avoid all contact with an alleged victim of the crime and with a potential witness who

10  may testify concerning the offense;
   (vi) report on a regular basis to a designated law enforcement agency, pretrial services

11  agency, or other agency;
   (vii) comply with a specified curfew;

12  (viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

13  18 U.S.C. Section 3142(c)(1)(B)(iv)-(viii). [3]

14  The Adam Walsh Amendments to the Bail Reform Act violate the United States

15  Constitution and cannot be lawfully imposed on Ms. Gardner.  As the court in *Crowell*

16  determined: "[T]he understandable legislative desire to suppress the potential to continue the

17  misconduct by persons while on release pending trial on such charges does not allow Congress to

18  override fundamental constitutional safeguards of the accused who, despite the reprehensible

19  nature of the offenses, continue to enjoy the presumption of innocence in setting conditions of

20  release." *Crowell*, 2006 WL 3541736, *3 (citing 18 U.S.C. Section 3142(j) ("Nothing in this

21  section shall be construed as modifying or limiting the presumption of innocence.")).

22  ///

23  ///

24

25  [3]Because the Court imposed most of these additional conditions (subparagraphs (iv)-(viii)), except for the electronic monitoring, *after* conducting an individualized hearing, Ms.

26  Gardner does not object to those conditions at this time.

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)                              5

1 | <u>**ARGUMENT**</u>

2 | **I.    The Adam Walsh Amendments Violate the Excessive Bail Clause of the Eighth
3 | Amendment Because There is No Individualized Determination of the Appropriate
| Bail Conditions**

4 | The Eighth Amendment to the U.S. Constitution commands that "excessive bail not be

5 | required." U.S. Const. amend. VIII.  The Clause requires that a defendant be release before trial

6 | if the defendant gives adequate assurances that she or he will appear in court and does not present

7 | a danger to the community, and that such "bail shall not be excessive in those cases where it is

8 | proper to grant bail."  *Salerno*, 481 U.S. at 754; *see Stack v. Boyle*, 342 U.S. 1, 4 (1951) ("[T]he

9 | fixing of bail for any individual defendant must be based upon standards relevant to the purpose

10 | of assuring the presence of that defendant.").  The mandatory conditions of release dictated by

11 | the Adam Walsh Amendments violate the Eighth Amendment's Excessive Bail Clause because it

12 | imposes conditions without regard for the personal characteristics of each defendant.

13 | In resolving a challenge under the Excessive Bail Clause, the Supreme Court has

14 | instructed that:

15 | The only substantive limitation of the Bail Clause is that the Government's proposed
| conditions of release or detention not be "excessive" in light of the perceived evil. Of
16 | course, to determine whether the Government's response is excessive, we must compare
| that response against the interest the Government seeks to protect by means of that
17 | response.

18 | *Salerno*, 481 U.S. at 754.   Thus, the questions to be weighed by this Court are (1) what

19 | government interest the Adam Walsh Amendments is meant to address, and (2) is the

20 | government's response excessive.

21 | The Adam Walsh amendments do not pass constitutional muster.  *Crowell*, 2006 WL

22 | 3541736, *7.  While the Bail Reform Act requires the Court to only impose "the least restrictive

23 | further conditions, or combination of conditions, that such judicial officer determines will

24 | reasonably assure the appearance of the person as required and the safety of any other person and

25 | the community," 18 U.S.C. § 3142(c)(1)(B), under the Adam Walsh Amendments, the Court is

26 | precluded from considering factors demonstrating that any of the government's legitimate

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)                6

1  objectives can be achieved with less onerous release conditions.

2       The Supreme Court's decision in *Salerno* demands this conclusion. As the Court in

3  *Salerno* recognized, while the Bail Reform Act provides for a presumption of detention in certain

4  circumstances, the question of detention is ultimately left to a judicial determination – that is, the

5  presumption in rebuttable. *Salerno*, 481 U.S. at 751-53. The Supreme Court upheld the

6  authorization of pretrial detention in the Bail Reform Act expressly because the statute does not

7  require detention to be imposed in every case based solely on a charging decision. Instead, the

8  Bail Reform Act requires an individualized judicial determination. *Id*. The Adam Walsh

9  Amendments strip the judiciary of that necessary safeguard against excessive bail. Indeed, by

10  stripping the court of the power to make an individualized assessment of the need for electronic

11  monitoring, the Adam Walsh Amendments run directly contrary to the holding in *Salerno* and the

12  Eighth Amendment.

13       That is precisely what the court in *Crowell* concluded:

14

15      Although the additional conditions sought to be required would further advance the
public's valid interest in protecting children from sexual abuse and exploitation through
the production or possession of such pornography and, as such, are not *per se* violative of

16  the Eighth Amendment's prohibition against excessive bail, the imposition of such
conditions on all defendants charged with certain crimes, regardless of the personal

17  characteristics of each defendant and circumstances of the offense, without any
consideration of factors demonstrating that those same legitimate objectives cannot be

18  achieved with less onerous release conditions, will subject a defendant, for whom such
conditions are, in the court's judgment, unnecessary, to excessive bail in violation of the

19  Eighth Amendment.

20  *Crowell*, 2006 WL 3541736, *7 (internal citations omitted).

21       The facts in the instant case highlight the constitutional deficiencies of the Adam Walsh

22  Amendments. Specifically, on August 16, 2007, this Court assessed Ms. Gardner's individual

23  circumstances and set appropriate conditions of her release. These conditions did not include an

24  electronic monitoring condition. This Court made this determination after a full adversarial

25  hearing where both sides had the opportunity to be heard. At the request of the government, the

26  Court explicitly considered whether Ms. Gardner should be placed on electronic monitoring, and

1  a thorough debate was held on that issue. After considering the arguments of the parties

2  regarding Ms. Gardner's individual circumstances, this Court determined that such a condition

3  was not necessary to fulfill the goals of the Bail Reform Act, *i.e.*, to assure Ms. Gardner's

4  presence and to protect the community.

5         Ms. Gardner has done nothing since this Court's individualized determination on August

6  16th to make electronic monitoring necessary at this time. The release conditions this Court

7  imposed on Ms. Gardner on August 16th were less stringent than those required by the Adam

8  Walsh Amendments, but were, in the Court's view, sufficient to assure defendants presence and

9  the safety of the community. Thus, conditioning Ms. Gardner's release on the proposed

10  additional conditions – as mandated by the amendments – would subject Ms. Gardner to

11  excessive bail. Accordingly, the proposed additional conditions of release required by the Adam

12  Walsh Amendments violate Ms. Gardner's Eighth Amendment right to be free from excessive

13  bail. *See Crowell*, 2000 WL 3541736, *6.

14         The Supreme Court has long held that the Constitution requires a case-by-case analysis of

15  a bail determination based on an individual defendant's circumstances. *See Stack v. Boyle*, 342

16  U.S. 1, 5 (1951) ("Since the function of bail is limited, the fixing of bail for any *individual*

17  *defendant* must be based upon standards relevant to the purpose of assuring the presence of *that*

18  *defendant*.") (emphasis added). In *Salerno*, the Supreme Court held that the Bail Reform Act did

19  not violate the Excessive Bail Clause because the statue allowed for detention only after a full

20  adversarial hearing regarding the individual circumstances of the individual accused of a crime.

21  The Adam Walsh Amendments, however, violate this Clause on its face by requiring conditions

22  in every case, thereby stripping the judiciary of the ability to ensure against the imposition of

23  excessive bail by setting conditions on an individualized basis.

24  ///

25  //

26  ///

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)                    8

1    **II.    The Adam Walsh Amendments Violate Ms. Gardner's Procedural Due Process
        Rights Under the Fifth Amendment By Stripping Away Necessary Procedural
2        Safeguards**

3        The Due Process Clause of the Fifth Amendment provides that the government shall not

4    deprive a person of "life, liberty, or property without due process of law."  U.S. Const. amend V.

5    This substantive due process requirement also has a procedural component, which mandates that

6    regardless of what interest is involved, "the fundamental requisite of due process of law is the

7    opportunity to be heard."  *See Goldberg v. Kelly*, 397 U.S. 254, 263 (1970) (internal quotations

8    and citations omitted).  The mandatory pretrial release conditions required by the Adam Walsh

9    Amendments violate procedural due process by stripping the Bail Reform Act of the procedural

10    safeguards that the Supreme Court determined were required by the Constitution.  *See Salerno*,

11    481 U.S. at 751-52.  Specifically, the Amendments ignore the procedural requirement for an

12    independent judicial determination as to whether such additional conditions are necessary to

13    ensure defendant's appearance at trial and the safety of the community.  *Id.; see Crowell*, 2006

14    WL 3541736,*9-*10.   The Amendments, therefore violate Ms. Gardner's right to procedural due

15    process under the Fifth Amendment.

16        "It is an established part of our constitutional jurisprudence that the term 'liberty' in the

17    Due Process Clause extends beyond freedom from physical restraint . . . [T]he interest

18    denominated as a 'liberty' [must not only] be 'fundamental' but also . . . an interest traditionally

19    protected by our society."  *Michael H. v. Gerald D.*, 491 U.S. 110, 121-22 (1989) (internal

20    quotations and citations omitted).   The question of release or detention under the Bail Reform

21    Act clearly implicates a fundamental liberty interest, as do Congressionally mandated conditions

22    of release which grossly restrict the freedom of a person accused, but not convicted, of a crime

23    within the community.  *See Reno v. Koray*, 515 U.S. 50, 56 (1995) ("the Bail Reform Act of

24    1984, 18 U.S.C. § 3141 et. seq., is the body of law that authorizes federal courts to place

25    presentence restraints on a defendant's liberty . . .).  From this country's inception, its citizenry

26    has ranked as fundamental the right to be free from unwarranted conditions of release, which is

1 | evidenced by the Excessive Bail Clause of the Eighth Amendment.  U.S. Const. amend. VIII; *see*

2 | *also*, *United States v. Scott*, 450 F.3 863 (9th Cir. 2006).

3 |     In fact, this fundamental liberty interest was engrafted into the Bail Reform Act in the

4 | parsimony provision of the Act itself. 18 U.S.C. § 3142(c)(1)(B) (requiring that a defendant who

5 | is to be released is to be "subject to the least restrictive condition, or combination of conditions . .

6 | . "). The mandatory conditions outlined in the Adam Walsh Act – which include electronic

7 | monitoring – implicate a liberty interest.  Accordingly, before such conditions may be imposed,

8 | the accused must be afforded due process.

9 |     The Bail Reform Act of 1984 survived both a substantive and procedural challenge under

10 | the Due Process Clause of the Fifth Amendment. *Salerno*, 481 U.S. at 751-52.  In upholding the

11 | constitutionality of the detention provisions of the Bail Reform Act, the Supreme Court squarely

12 | rested its conclusion on the numerous procedural safeguards contained therein:

13 |

14 | Nor is the [Bail Reform] Act by any means a scattershot attempt to incapacitate those who are merely suspected of these serious crimes.  The government must first of all demonstrate probable cause to believe that the charged crime has been committed by the arrestee, but that is not enough.  In a full-blown adversary hearing, the government must

15 | convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any persons.

16 |

*Salerno*, 481 U.S. at 750.

17 |

18 |     The mere fact that a person is charged with a crime is not enough; the Constitution

19 | requires more.  The process required includes: (1) the right to a hearing before a judicial officer;

20 | (2) the right to representation by counsel; (3) and the right to testify on his or her own behalf,

21 | proffer information and cross-examine witnesses called by the government. *Salerno*, 481 U.S. at

22 | 751-52.  Far from mandated, the outcome of a detention hearing is determined by the neutral

23 | judicial officer after careful consideration of the delineated statutory factors. *Id.*; *see also Hamdi*

24 | *v. Rumsfeld*, 542 U.S. 507, 533 (2004) (holding that a U.S. citizen captured on the battlefield and

25 | detained as an enemy combatant is entitled to "notice of the factual basis of his classification, and

26 | a fair opportunity to rebut the government's factual assertions before a neutral decisionmaker").

1    Although the Bail Reform Act permits defendants charged with certain serious felonies to be

2    detained pending trial, the law does not mandate that the defendant be detained in every case, but

3    instead creates a rebuttable presumption for detention, thereby placing the burden on the

4    defendant to demonstrate that detention is unnecessary.  The Supreme Court determined that it

5    was *because of these procedural safeguards* that the Bail Reform Act was constitutional.

6    *Salerno*, 481 U.S. at 750-52.  By contrast, the Adam Walsh Amendments create an *irrebuttable*

7    *presumption* stripping all required procedural safeguards, which simply does not pass

8    constitutional muster.

9         The fact that the Adam Walsh Amendments impact conditions of pretrial release, as

10   opposed to detention, does not alleviate the constitutional requisite of due process.  *See Koray,*

11   542 U.S. at 533.  The Ninth Circuit recently held that a state law requiring a defendant to consent

12   to drug testing and other mandatory searches as a condition of pretrial release – without a hearing

13   before a neutral decisionmaker – violates the Fourth Amendment.  *United States v. Scott,* 450

14   F.3d 863 (9th Cir. 2006).  The Ninth Circuit's rationale in *Scott* is compelling:

15        While the Supreme Court has upheld the constitutionality of pretrial detention on grounds
          of dangerousness, the Court stressed that the statute it was upholding contained important
16        safeguards, including the requirement that the defendant be accused of a particularly
          serious crime and that dangerousness be proved to a neutral judicial officer by clear and
17        convincing evidence. . . . Neither *Salerno* nor any other case authorizes detaining
          someone in jail while awaiting trial, *or the imposition of special bail conditions*, based
18        merely on the fact of arrest for a particular crime. To the contrary, *Salerno* was explicit
          about what must occur under the Federal Bail Reform Act - beyond arrest - before a
19        pretrial criminal defendant could be detained: "In a full-blown adversary hearing, the
          government must convince a neutral decisionmaker by clear and convincing evidence that
20        no conditions of release can reasonably assure the safety of the community or any
          person." *Salerno*, 481 U.S. at 750. Thus, the Supreme Court upheld the constitutionality
21        of a bail system where pretrial defendants could be detained only if the need to detain
          them was demonstrated on an individualized basis. The arrest alone did not establish
22        defendant's dangerousness; it merely triggered the ability to hold a hearing during which
          such determination might be made. *It follows that if a defendant is to be released subject*
23        *to bail conditions that will help protect the community from the risk of crimes he might*
          *commit while on bail, the conditions must be justified by showing that the defendant*
24        *poses a heightened risk of misbehaving while on bail. The government cannot as it is*
          *trying to do in this case, shortcircuit the process by claiming that the arrest itself is*
25        *sufficient to establish that the conditions are required.*

26   *Id.* at 874 (emphasis added).

1    Similar to *Scott*, the Adam Walsh Amendments strip the Bail Reform Act of

2    constitutionally-required procedural safeguards for defendants, such as Ms. Gardner, accused of

3    certain offenses.  The requirements of the Due Process Clause have not been met because the

4    conditions to be imposed have been mandated by Congress in *every* case, denying the defendant

5    an opportunity for a hearing before a neutral judicial officer empowered with the discretion to

6    choose not to impose them where the court concludes, as it did here, that such conditions are not

7    warranted.  As the court in *Crowell* concluded after carefully examining the legislative history of

8    the Bail Reform Act:

9        The Adam Walsh Amendments' mandate imposing certain pretrial release conditions,
    based solely on the nature of the particular crimes charged, directly restricts the judicial

10       discretion Congress sought to enlarge in both the Bail Reform Acts of 1966 and 1984,
    and which the Supreme Court has recognized as paramount to meet the requirements of

11       procedural due process in the bail-setting process in federal courts.

12   *Crowell*, 2006 WL 3541736 at *9 (citing *Salerno*, 481 U.S. at 751).

13   The instant case is the prime example of this constitutional infirmity: after a full

14   adversarial hearing where Ms. Gardner was provided the procedural due process she is entitled

15   under *Salerno*, this Court determined that electronic monitoring was unnecessary based on Ms.

16   Gardner's individual circumstances; yet, without the safeguards of procedural due process, the

17   Adam Walsh Amendments would mandate a contrary – and excessive – condition of her release.

18   For the foregoing reasons, the Adam Walsh Amendments violate procedural due process and

19   cannot be lawfully imposed on Ms. Gardner.

20   **III.    The Adam Walsh Amendments Violate The Separation of Powers Doctrine**

21   By mandating certain pretrial release conditions, the Adam Walsh Amendments also

22   violate the Separation of Powers doctrine.  The United States Constitution purposely divides

23   governing power among three branches of government: the Executive, the Legislative and the

24   Judiciary.  *Mistretta v. United States*, 488 U.S. 361, 380 (1989).  As Justice Brandeis observed,

25   "The doctrine of the separation of powers was adopted [not] to promote efficiency but to

26   preclude the exercise of arbitrary power." *Myers v. United States*, 272 U.S. 52, 85 (1926); *see*

1   *also* THE FEDERALIST, No. 47, at p. 324 (James Madison) ("The accumulation of all powers

2   legislative, executive and judiciary in the same hand, whether of one, a few or many . . . may

3   justly be pronounced the very definition of tyranny.").

4        It is well-established that the separation of powers doctrine is violated when Congress

5   prescribes a rule of decision for courts to follow without permitting courts to exercise their

6   judicial powers independently. *United States v. Klein*, 80 U.S. 128, 146-47 (1871); *Crowell*,

7   2006 WL 3541736 *11. That is precisely what has happened in this case. Congress is mandating

8   a rule of decision for this Court that is directly contrary to the determination already made by this

9   Court based on an exercise of its independent judicial powers.

10       As the Court in *Crowell* concluded:

11       [B]y enacting the Adam Walsh Amendments, Congress has unambiguously imposed
         upon the federal judiciary a specific rule to be applied in determining the release of a
12       defendant charged with specified offenses, thereby denying to the court the exercise of its
         judicial authority to set such conditions. In so doing, Congress has commandeered the
13       court into acting as its agent for purposes of imposing the targeted release conditions.
         Since the Constitution was adopted, the setting of bail in federal criminal cases, with
14       minor exceptions, has been recognized as representing the quintessential exercise of
         judicial power. *See Stack v. Boyle*, 342 U.S. 1, 4-5 (1951) (stating that beginning with
15       "the passage of the Judiciary Act of 1789, 1 Stat. 73, 91, to the present Federal Rules of
         Criminal Procedure, Rule 46(a), federal law has unequivocally provided that a person
16       arrested for a non-capital offense shall be admitted to bail" and observing that the
         judiciary is charged with "the fixing of bail" for each defendant "based upon standards
17       relevant to the purpose of assuring the presence of that defendant."). As such, the Adam
         Walsh Amendments unmistakedly and unduly encroach upon the judicial function,
18       exclusively reserved by Article III of the Constitution to the Judicial Branch, in violation
         of the separation of powers established by the Constitution's framework. Defendants'
19       objections to the proposed release conditions of this ground are therefore also sustained.

20   *Crowell*, 2006 WL 3541736 *11 (footnotes omitted).

21       While Congress has the power to enact legislation addressing conditions of bail, it is the

22   Judiciary that is ultimately charged with the "fixing of bail," *i.e.*, the determination whether or

23   not an accused shall be released and under what conditions. *Stack v. Boyle*, 342 U.S. 1, 4-5.

24   The Eighth Amendment to the Constitution requires that the Judiciary oversee the imposition of

25   bail on an individualized basis. *Id.*

26       As is appropriate under the Constitution, on August 16, 2007, this Court made an

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)              13

1   individualized determination after a full hearing that Ms. Gardner should be released and under

2   what conditions.  The Court did not require electronic monitoring, and for good reason – because

3   such a condition was not necessary to assure Ms. Gardner's presence or the safety of the

4   community.  The Adam Walsh Amendments seek to usurp that quintessential judicial

5   independence in violation of the Constitution.  For the foregoing reasons, the Adam Walsh

6   Amendments to the Bail Reform Act violate the Separation of Powers doctrine, and the

7   mandatory electronic monitoring provision cannot be lawfully imposed on Ms. Gardner.

8                                               **CONCLUSION**

9          For the aforementioned reasons, defendant Latosha Gardner respectfully requests that the

10   Court deny the government's request that she be placed on mandatory electronic monitoring

11   because the Adam Walsh Amendments to the Bail Reform Act violate the Excessive Bail Clause

12   of the Eighth Amendment, procedural due process under the Fifth Amendment and the separation

13   of powers doctrine.

14   Dated: October 24, 2007

15                                            Respectfully submitted,

16                                            BARRY J. PORTMAN
                                             Federal Public Defender
17
                                                    /s/
18
                                             JODI LINKER
19                                           Assistant Federal Public Defender

20

21

22

23

24

25

26

Def.'s Opp. to Mandatory Electronic Monitoring
Case No. 07-454 PJH (EMC)              14