SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHANNON BLAYLOCK, <br>    aka ARLANDYS RICHARDSON, <br>    aka "DADDY RICH", <br> TAWAKONI SEATON, <br>    aka TONI, and <br> LATOSHA GARDNER, <br><br> Defendant. | CR No. 07-0454 PJH <br><br> SUMMARY RESPONSE TO THE COURT'S REQUEST FOR BRIEFING ON THE ISSUE OF THE CONSTITUTIONALITY OF THE ADAM WALSH ACT AND <u>UNITED STATES V. CROWELL</u> |

The United States submits this memorandum of law in response to the argument first raised by defense counsel on October 22, 2007 concerning the constitutionality of the Adam Walsh Act in light of <u>United States v. Crowell</u>, 2006 WL 3541736 (W.D.N.Y. 2007). In light of the abbreviated briefing schedule, the United States files this summary Response but reserves the right to make and rely upon further arguments at the scheduled hearing on Friday, October 26, 2007.

1  <u>United States v. Salerno and the Bail Reform Act of 1984; the Adam Walsh Act of 2006</u>

2  In <u>United States v. Salerno</u>, 481 U.S. 739 (1987), the Supreme Court addressed the
constitutionality of the Bail Reform Act of 1984, the provisions of which required courts to
detain defendants charged with certain serious felonies if the government could establish by clear
and convincing evidence that no other condition or combination of conditions could assure the
safety of any other person and the community. See <u>Salerno</u>, 481 U.S. at 742-743; 18 U.S.C. §§
3142(e),(f). In <u>Salerno</u>, the Bail Reform Act was challenged on two grounds – that pretrial
detention violated the Due Process Clause of the Fifth Amendment, and that such detention
violated the Excessive Bail Clause of the Eighth Amendment.

The Supreme Court rejected both challenges. "Given the well-established authority of
the government, in special circumstances, to restrain individuals' liberty prior to or even without
criminal trial and conviction," the Supreme Court pronounced that the government's "legitimate
and compelling" interest in preventing crime by arrestees outweighed an individual's liberty
interest. <u>Salerno</u>, 481 U.S. at 749-750 (citing <u>Schall v. Martin</u>, 467 U.S. 253 (1984) (pretrial
detention of juveniles); <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979) (detention of defendants who are
flight risks)). In addition, the Court reasoned that the pretrial detention provisions were
sufficiently tailored to satisfy Due Process concerns. <u>Salerno</u>, 481 U.S. at 750.

The Supreme Court also rejected the Eighth Amendment challenge raised by the <u>Salerno</u>
defendants. Ruling that "the right to bail ... in the Eighth Amendment is not absolute," the Court
stated that the "only arguable substantive limitation of the Bail Clause is that the Government's
proposed conditions of release or detention not be 'excessive' in light of the perceived evil." <u>Id.</u>
at 753-754. Distinguishing <u>Stack v. Boyle</u>, 342 U.S. 1 (1951), the Court ruled that pretrial
detention of certain defendants designated under the Bail Reform Act was not excessive under
the Eighth Amendment since the government's goal of protecting citizens was more compelling
than the goal of preventing flight. <u>Id.</u> at 754-755.

In July 2006, Congress enacted the Adam Walsh Child Protection and Safety Act, Pub.L.
No. 109-248, § 203, 120 Stat 587. In addition to promulgating regulations for sex offender
registration and reporting, and enhancing penalties for specified sex offenses against minors, the

Adam Walsh Act set forth minimum pretrial release conditions to be imposed on defendants charged with certain child exploitation offenses, including the sex trafficking of minors. See 120 Stat 587, 624; 18 U.S.C. § 3142(c).

> "[i]f the judicial officer determines that the release ... [of the person] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person ... [but] any such release order shall contain, at a minimum, a condition of electronic monitoring ... [and a condition that the person] abide by specified restrictions on [] place of abode .. [and] comply with a specified curfew ...."

18 U.S.C § 3142(c)(1).

Defendant Cannot Meet the High Burden Required to Facially Challenge the Adam Walsh Act

Like the defendants in United States v. Crowell, the defendant presents this Court with a facial challenge to the constitutionality of the Adam Walsh Act.[1] Facial challenges to legislation, however, must sustain a heavy burden in order to have legislation declared unconstitutional. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." Salerno, 481 U.S. at 745.

The defendant has not met this heavy burden. Indeed, so long as the Court finds that the pretrial release conditions imposed by the Adam Walsh Act are appropriate to "at least some [persons] charged with crimes," the facial challenge to the Act cannot succeed. See Salerno, 481 U.S. at 751. Since the defendant has not demonstrated how the imposition of electronic monitoring is per se impermissible in all cases involving the sex trafficking of minors, her challenge must be dismissed.

Crowell's Eighth Amendment Analysis is Legally Flawed

Much of the Crowell opinion rests upon the argument that the Adam Walsh Act improperly undercut judicial discretion in setting bail by mandating that release conditions be imposed on a class of defendants charged with sex offenses involving minors. Id. at *5-7. In support of its excessive bail argument, the Crowell Court highlighted the fact that pretrial

---

[1] "As the recent amendments to the Bail Reform Act are unconstitutional, Payne moves this Court to remove the additional conditions of home detention and electronic monitoring ...." (Def.'s Memorandum of Law at 2.)

SUMMARY RESPONSE TO THE COURT'S REQUEST FOR BRIEFING ON THE ISSUE OF THE CONSTITUTIONALITY OF THE ADAM WALSH ACT AND UNITED STATES V. CROWELL, CR No.  07-0454 PJH      3

detention is ultimately a "judicial determination." Id. at *6 (citing Salerno; 18 U.S.C. § 3142(f)).

First, it is arguable whether the Adam Walsh Act eliminates judicial discretion in setting pretrial release conditions in cases involving defendants charged with sex trafficking of minors. As the plain language of the statute reads, "[i]f the judicial officer determines that the release ... [of the person] ... will endanger the safety of any other person or the community," and the defendant is charged with one of the enumerated sex offenses involving children, then conditions such as electronic monitoring and home confinement shall be imposed. See 18 U.S.C. § 3142(c). Thus, on its face, the statute states that the judge must first determine that release of the defendant poses a safety risk.

Second, even if we are to assume the Adam Walsh Act release conditions are mandatory, these provisions are consistent with other "mandatory" bail provisions in 18 U.S.C. § 3142. For instance, "[i]f the judicial officer determines that the release ... [of the person] ... will not reasonably assure the appearance of the person ... or will endanger the safety of any other person or the community," release orders must impose the condition that such person "cooperate in the collection of a DNA sample from the person if ... authorized [under 42 U.S.C. § 14135a]." 18 U.S.C. § 3142(c). Since 42 U.S.C. § 14135a authorizes the collection of DNA samples from "individuals who are arrested, facing charges, or convicted," this "mandatory" condition would apply to a broader class of defendants than those similarly situated as defendant Payne. See 42 U.S.C. § 14135a(a)(1)(A). Moreover, one could argue that obtaining a DNA sample from a defendant is a greater intrusion to an individual's liberty interest than electronic monitoring.[2]

Third, the Crowell court's excessive bail argument misunderstands and misapplies the principles of Salerno. Since a judicial hearing must precede any detention order under 18 U.S.C. § 3142(e), Crowell and the defendant argue that the lack of similar "procedural safeguards" violates the Eighth Amendment. Crowell, 2006 WL 3541736 at *5-6. Salerno, however,

---

[2]   A greater intrusion to one's liberty interest may be found in 18 U.S.C. § 3142(f)(2). In this section, upon the government's motion for a continuance for a detention hearing, a defendant "shall be detained" for up to three days in a case involving a serious risk of flight or danger to the community. Id. Thus, prior to a hearing and without regard to judicial discretion, defendants may be detained for up to six days (if such period encompasses weekends and/or holidays) in a broad class of cases.

SUMMARY RESPONSE TO THE COURT'S REQUEST FOR BRIEFING ON THE ISSUE OF THE CONSTITUTIONALITY
OF THE ADAM WALSH ACT AND UNITED STATES V. CROWELL, CR No. 07-0454 PJH                                    4

emphasized that the constitutionality of the Bail Reform Act rested upon a balancing test between the interests of the government against the liberty interests of the individual.  Salerno, 481 U.S. at 750-752.  To require detention-type hearings for cases that involve electronic monitoring ignores both the principles of Salerno and the reality of what differing liberty interests are at stake – i.e., sitting inside a jail cell wearing a prison uniform versus sitting inside one's living room wearing an electronic bracelet.[3]  Salerno provided that the greater the government intrusion (with jail perhaps being the greatest), the narrower the intrusion must be tailored to protect that interest.  Thus, while hearings narrowly effectuate the government's interest in detention, none have been required for electronic monitoring or home confinement.

Finally, in Salerno, the Supreme Court distinguished Stack v. Boyle because the government's interest in Salerno (protecting the community) was greater than the government interest in Boyle (guarding against flight).  Salerno, 481 U.S. at 754-755 ("We believe that when Congress has mandated detention on the basis of a compelling interest other than prevention of flight, ... the Eighth Amendment does not require release on bail.").  Since Congress has set forth the compelling government interests[4] behind the Adam Walsh Act, the defendant's demand for Boyle-type safeguards in the instant case is also misplaced and unsupported.[5]

The Due Process Claim Is Without Merit

In Crowell, the Court ruled based upon a faulty legal analysis of United States v. Scott,

---

[3]  Indeed, courts have recognized the difference in liberty interests in sentencing calculations.  See Rodriguez v. Lamer, 60 F.3d 745 (11th Cir. 1996)(pretrial home confinement was not "official detention" required by statute for award of sentencing credit, in light of fact that defendant had not been placed in custody of Attorney General and, thus, had been "released" on bail within meaning of Bail Reform Act of 1984; conditions of confinement had allowed defendant to leave residence during day, but imposed in-home curfew at night, required electronic monitoring device to be worn at all times, and required permission for him to leave jurisdiction or enter airport, pier or dock).

[4]  "The government has a compelling State interest in protecting children from those who sexually exploit them. . .."  Adam Walsh Act, 120 Stat 587, at 624.

[5]  See also Faheem-El v. Klincar, 841 F.2d 712, 721-724 (7th Cir. 1988) (parolees arrested on new charges have no right to an individualized bail hearing because the state's interest in regulating parole outweighs the defendant's interest in a bail hearing).

SUMMARY RESPONSE TO THE COURT'S REQUEST FOR BRIEFING ON THE ISSUE OF THE CONSTITUTIONALITY OF THE ADAM WALSH ACT AND UNITED STATES V. CROWELL, CR No.  07-0454 PJH        5

1  450 F.3d 863 (9th Cir. 2006). The <u>Crowell</u> court incorrectly cited <u>Scott</u> for the following

2  proposition:

3  "[A] pretrial release condition imposed under state law requiring that the
   defendant consent to random drug testing and the searching of defendant's home,
4  at any time and without a warrant, and without any evidence that such conditions
   were imposed as the result of findings made after any hearing, violated the Fourth
5  Amendment in the absence of any judicial determination that such condition was
   necessary."
6
   <u>Crowell</u>, 2006 WL 3541736, at *9 (<u>Crowell</u> opinion interpreting <u>Scott</u> in a parenthetical).
7

8  This proposition fails to account for the disclaimer in <u>Scott</u> that openly admonishes others

9  from citing that decision in precisely the fashion the <u>Crowell</u> court did.

10  "We do not hold that the government can *never* justify drug-testing as a condition
    of pretrial release. Such a condition may well be justified based on a legislative
11  finding, see, e.g., note 8 <u>supra</u> ['This is different from the federal bail system.
    Unlike the Nevada legislature, Congress seems to have recognized some
12  connection between drug use and nonappearance at trial.'] .... Any unpublished
    dispositions of our court construing <u>Scott</u> as containing a categorical prohibition
13  on drug-testing bail conditions are not precedential...."

14  <u>Scott</u>, 450 F.3d at 871-872 (emphasis in original).

15  The <u>Scott</u> opinion does not stand for the proposition that mandatory pretrial release

16  conditions are unconstitutional. In its due process analysis, the Ninth Circuit simply determined

17  that the Nevada State legislature had not demonstrated a compelling interest in requiring drug-

18  testing as a general condition for releasing defendants on bail. <u>See id.</u> at 870-871. Were the case

19  otherwise – <u>i.e.</u>, if Congress had demonstrated a compelling interest for such pretrial conditions –

20  the Ninth Circuit left open the possibility for a different result. <u>See id.</u>

21  Ultimately, the Due Process argument must be rejected because it is unsupported by law

22  and fails to adhere to the Fifth Amendment principles set forth in <u>Salerno</u>. The application of the

23  Fifth Amendment does not lend itself to absolutes. The <u>Crowell</u> court's construction of Due

24  Process – <u>e.g.</u>, if a liberty interest is implicated, a defendant must receive a hearing – is too

25  simplistic and ignores the necessary balancing test a court must apply in weighing the

26  government's interest against a liberty interest. "We have repeatedly held that the Government's

27  regulatory interest in community safety can, in appropriate circumstances, outweigh an

28  individual's liberty interest." <u>Salerno</u>, 481 U.S. at 748.

The Separation of Powers Argument is Unpersuasive

The Separation of Powers doctrine argument against the constitutionality of the Adam Walsh Act is perhaps the least persuasive. In Crowell, the magistrate court cited Stack v. Boyle for the position that "[s]ince the Constitution was adopted, the setting of bail in federal criminal cases, with minor exceptions, has been recognized as representing the quintessential exercise of judicial power." Crowell, 2006 WL 3541736, *11 (citing Boyle).

Again, just as the right to bail is not absolute, nor is a defendant's right to a bail hearing. The defendant's arguments claiming a breach of separate powers by the legislative branch simply fly in the face of the reasoning of Salerno. "While we agree that a primary function of bail is to safeguard the courts' role in adjudicating the guilt or innocence of defendants, we reject the proposition that the Eighth Amendment prohibits the government from pursuing other admittedly compelling interests through regulation of pretrial release." Salerno, 481 U.S. at 753. Thus, regardless of whether the Adam Walsh Act mandates pretrial release conditions on the defendant, the Supreme Court has unequivocally pronounced that the government may permissibly regulate the conditions of pretrial release under the Eighth Amendment.

Finally, the Crowell Court's argument on this ground suffers from a myopic view of the Separation of Powers doctrine. The Crowell Court simply cites Boyle and then states that because a "quintessential exercise of judicial power" is encroached by the Adam Walsh Act, it is therefore unconstitutional under such doctrine. Crowell, 2006 WL 3541736, *11. This analysis ignores other judicial functions which are permissibly regulated by the federal government. For instance, a judge's determination of a prison sentence is equally, if not more, "quintessential" to a judge's authority. Yet even this authority has historically been regulated by the legislative branch.

## CONCLUSION

For the reasons stated above, those raised by the Government on Monday, October 22, 2007, and those to be addressed by the Government on Friday, October 26, 2007, this Court should disregard any argument that the electronic monitoring provisions of the Adam Walsh Act are unconstitutional.

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
DENISE MARIE BARTON
Assistant United States Attorney

October 24, 2007.