BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant GARDNER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LATOSHA GARDNER,<br><br>Defendant. | No. CR-07-0454 PJH (EMC)<br><br>DEFENDANT GARDNER'S SUPPLEMENTAL AUTHORITY RE: OPPOSITION TO MANDATORY ELECTRONIC MONITORING CONDITION<br><br>Court: Hon. Edward M. Chen |

At the bail review hearing in the above-referenced matter on October 26, 2007, the Court asked the parties to submit additional authority, if any, regarding the constitutionality of mandatory conditions of pretrial release under the Bail Reform Act. In particular, the Court requested information on the constitutionality of the DNA collection provision at 18 U.S.C. Section 3142(c)(1)(A).

In response, defendant Latosha Gardner submits the attached legislative history, Exhibits A-E, which demonstrates that the DNA collection provision does not support the government's argument that the mandatory conditions of pretrial release dictated by the Adam Walsh Amendments are constitutional. To the contrary, the DNA collection provision – unlike the Adam Walsh Amendments – is not mandatory under the Bail Reform Act, but leaves it to the

discretion of the Attorney General to promulgate regulations allowing for the collection of DNA samples in certain circumstances. Moreover, the DNA collection provision has not been implemented: it was first enacted in January 2006 and then amended as part of the Adam Walsh Child Protection and Safety Act of 2006, and no regulations have been promulgated or enforced by the Attorney General to date. In short, the DNA collection provision provides no support for the constitutionality of the mandatory electronic monitoring requirement of the Adam Walsh amendments.

Prior to January 5, 2006, the Bail Reform Act did not have a provision regarding the collection of DNA samples. 18 U.S.C. § 3142(c)(1)(A) (West 2000) (*see* Exhibit A attached hereto). Additionally, prior to January 5, 2006, the DNA Analysis Backlog Elimination Act of 2000 (hereafter "the DNA Act"), 42 U.S.C. Section 14135a, required that, "The Director of the Bureau of Prison shall collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been, *convicted* of a qualifying Federal offence ... or a qualifying military offense." 42 U.S.C. § 14135a (West 2000) (emphasis added) (*see* Exhibit B attached hereto). The provision was mandatory, but it only applied to those *convicted* of certain offenses. There was no provision of the DNA Act requiring the collection of DNA samples from those merely arrested of a qualifying federal offense.

On January 5, 2006, the DNA Act was amended to provide that: "The Attorney General *may*, as prescribed by the Attorney General in regulation, collect DNA samples from individuals who are *arrested* . . .". Violence Against Women and Department of Justice Reauthorization Act of 2005, Public L. No. 109-162, § 1003-4, 2006 HR 3402, 119 Stat. 2960, January 5, 2006 (amending 42 U.S.C. § 14135a) (emphasis added) (*see* Exhibit C attached hereto). The amendment did not change the mandatory requirement for collection of DNA samples from those convicted of certain offense, but – for the first time – gave the Attorney General the discretion to promulgate regulations for the collection of DNA from those simply arrested for certain offenses. The DNA Act was again amended on July 27, 2006 as part of the Adam Walsh Act to expand the

1  January 5th-amendment to include those "arrested, facing charges, or convicted." Adam Walsh

2  Child Protection and Safety Act of 2006, Public L. No. 109-248, § 155, 2006 HR 4472, 120 Stat

3  587, July 27. 2006 (amending 42 U.S.C. § 14135a) (*see* Exhibit D attached hereto).  A

4  conforming amendment to the Bail Reform Act was also enacted on January 5, 2006 to subject

5  certain individuals on pretrial release to the DNA sampling requirement "*if* the collection of such

6  a sample is authorized" pursuant to the DNA Act.  Violence Against Women and Department of

7  Justice Reauthorization Act of 2005, Public L. No. 109-162, § 1004, 2006 HR 3402, 119 Stat.

8  2960, January 5, 2006 (amending 18 U.S.C. § 3142(c)(1)(A)) (emphasis added) (*see* Exhibit C

9  attached hereto).  Accordingly, the Bail Reform Act as currently drafted, only provides for the

10 collection of DNA samples of pretrial defendants *if* the collection is permitted under the DNA

11 Act.  *Id.*

12        At present, the Attorney General has not promulgated regulations to implement the

13 amendments to the DNA Act.  In fact, the Attorney General is not required to promulgate such

14 regulations, but has discretion to do so.  42 U.S.C. § 14135a ("The Attorney General *may*, as

15 prescribed by the Attorney General in regulation, collect DNA samples from individuals who are

16 arrested . . .") (*see* Exhibit E attached hereto).  Regardless, the provision of the Bail Reform Act

17 permitting the collection of DNA samples for arrestees is not in effect, and certainly does not

18 *mandate* the collection of DNA samples from arrestees at this time; thus, a challenge to the

19 provision is not ripe.  Should the Attorney General seek to promulgate and enforce such

20 regulations, however, there may be successful constitutional challenges to that provision as well.

21        In sum, the DNA sampling provision of the Bail Reform Act provides absolutely no

22 support for the constitutionality of the mandatory pretrial release conditions of the Adam Walsh

23 Act because it is not a mandatory provision and has not been implemented.

24        For the foregoing reasons, and for the reasons set forth in Ms. Gardner's Opposition to

25 Mandatory Electronic Monitoring Condition and the arguments presented at the hearings on this

26 matter, Ms. Gardner respectfully requests that this Court deny the government's request that she

1  be placed on mandatory electronic monitoring because the Adam Walsh Amendments to the Bail

2  Reform Act violate the Excessive Bail Clause of the Eighth Amendment, procedural due process

3  under the Fifth Amendment and the separation of powers doctrine.

4  Dated: October 30, 2007

6                                    Respectfully submitted,

7                                    BARRY J. PORTMAN
                                     Federal Public Defender

8                                            /s/

9  
                                     JODI LINKER
10                                   Assistant Federal Public Defender