# EXHIBIT A

**18 § 3141**
Note 37

orderly progress of trial and fair administration of justice. Fernandez v. U. S., U.S.N.Y.1961, 81 S.Ct. 642, 5 L.Ed.2d 683.

Interference with government witnesses by defendant is sufficient basis for exercise of trial court's power to revoke bail during trial. U. S. v. Graewe, C.A.6 (Ohio) 1982, 689 F.2d 54.

Inherent power of court to insure orderly progress of a criminal prosecution by denying bail in a noncapital case should be used only in an extreme or unusual case when court's own processes are jeopardized as by threats against a witness. U.S. v. Bigelow, C.A.6 (Mich.) 1976, 544 F.2d 904.

Trial court did not abuse its discretion, in revoking bonds of two defendants charged with conspiracy to purchase and distribute heroin, in view of substantial evidence introduced in revocation hearing providing ample grounds for believing that two defendants were involved in deaths of three witnesses prior to trial. U.S. v. Kirk, C.A.8 (Mo.) 1976, 534 F.2d 1262, certiorari denied 97 S.Ct. 1174, 430 U.S. 906, 51 L.Ed.2d 581, certiorari denied 97 S.Ct. 2971, 433 U.S. 907, 53 L.Ed.2d 1091, conviction vacated in part on other grounds 723 F.2d 1379, certiorari denied 104 S.Ct. 1717, 466 U.S. 930, 80 L.Ed.2d 189.

Revocation of bail by trial court during trial was justified where court deter-

**CRIMINAL PROCEDURE   Part 2**

mined that defendant had attempted to tamper with government witness. U. S. v. Cozzetti, C.A.9 (Nev.) 1971, 441 F.2d 344, denial of post-conviction relief affirmed 976 F.2d 736.

Trial court has inherent power to revoke a defendant's bail during trial if necessary to insure orderly trial processes. U. S. v. Gilbert, C.A.D.C.1969, 425 F.2d 490, 138 U.S.App.D.C. 59. See, also, U.S. v. Graewe, C.A. 6 (Ohio) 1982, 689 F.2d 54.

Courts have inherent power to confine accused in order to protect future witnesses at pretrial stage as well as during trial; this power should be exercised with great care and only after a hearing which affords the accused an ample opportunity to refute the charges that if released he might threaten or cause to be threatened a potential witness or otherwise unlawfully interfere with criminal prosecution. U.S. v. Gilbert, C.A.D.C.1969, 425 F.2d 490, 138 U.S.App.D.C. 59.

**38. Review**

The power to hold without bail is subject to judicial review. Carlisle v. Landon, U.S.1953, 73 S.Ct. 1179, 97 L.Ed. 1642.

**39. Mandamus**

Mandamus lies to compel the trial court to exercise its discretion. Hudson v. Parker, U.S.Ark.1895, 15 S.Ct. 450, 156 U.S. 277, 39 L.Ed. 424.

## § 3142. Release or detention of a defendant pending trial

**(a) In general.**—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

(2) released on a condition or combination of conditions under subsection (c) of this section;

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

(4) detained under subsection (e) of this section.

**(b) Release on personal recognizance or unsecured appearance bond.**—The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured

616

**Ch. 207   RELEASE AND DETENTION**   **18 § 3142**

appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

**(c) Release on conditions.**—(1) If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

(A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and

(B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—

(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

617

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial officer may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

(2) The judicial officer may not impose a financial condition that results in the pretrial detention of the person.

(3) The judicial officer may at any time amend the order to impose additional or different conditions of release.

(d) **Temporary detention to permit revocation of conditional release, deportation, or exclusion.**—If the judicial officer determines that—

(1) such person—

(A) is, and was at the time the offense was committed, on—

(i) release pending trial for a felony under Federal, State, or local law;

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State, or local law; or

(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and

(2) such person may flee or pose a danger to any other person or the community;

such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, such person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence.

(e) **Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), or an offense under section 924(c), 956(a), or 2332b of title 18 of the United States Code.

**(f) Detention hearing.**—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); or

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for

good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

**(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history,

and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

(h) **Contents of release order.**—In a release order issued under subsection (b) or (c) of this section, the judicial officer shall—

(1) include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and

(2) advise the person of—

(A) the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release;

(B) the consequences of violating a condition of release, including the immediate issuance of a warrant for the person's arrest; and

(C) sections 1503 of this title (relating to intimidation of witnesses, jurors, and officers of the court), 1510 (relating to obstruction of criminal investigations), 1512 (tampering with a witness, victim, or an informant), and 1513 (retaliating against a witness, victim, or an informant).

(i) **Contents of detention order.**—In a detention order issued under subsection (e) of this section, the judicial officer shall—

(1) include written findings of fact and a written statement of the reasons for the detention;

(2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

622

(3) direct that the person be afforded reasonable opportunity for private consultation with counsel; and

(4) direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

(j) **Presumption of innocence.**—Nothing in this section shall be construed as modifying or limiting the presumption of innocence.

(Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1976, and amended Pub.L. 99–646, §§ 55(a), (c), 72, Nov. 10, 1986, 100 Stat. 3607, 3617; Pub.L. 100–690, Title VII, § 7073, Nov. 18, 1988, 102 Stat. 4405; Pub.L. 101–647, Title X, § 1001(b), Title XXXVI, §§ 3622–3624, Nov. 29, 1990, 104 Stat. 4827, 4965; Pub.L. 104–132, Title VII, §§ 702(d), 729, Apr. 24, 1996, 110 Stat. 1294, 1302.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**1984 Acts.** House Report No. 98–1030 and House Conference Report No. 98–1159, see 1984 U.S. Code Cong. and Adm. News, p. 3182.

**1986 Acts.** House Report No. 99–797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

**1988 Acts.** For Related Reports, see 1988 U.S. Code Cong. and Adm. News, p. 5937.

**1990 Acts.** House Report Nos. 101–681(Parts I and II) and 101–736, Senate Report No. 101–460, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6472.

**1996 Acts.** Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**References in Text**

Section 102 of the Controlled Substances Act, referred to in subsec. (c)(1)(B)(ix), is classified to section 802 of Title 21, Food and Drugs.

Section 101(a)(20) of the Immigration and Nationality Act, referred to in subsec. (d)(1)(B), is classified to section 1101(a)(20) of Title 8, Aliens and Nationality.

The Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), referred to in subsecs. (e) and (f), is Pub.L. 96–350, Sept. 15, 1980, 94 Stat. 1159, as amended, which is classified principally to chapter 38 (section 1901 et seq.) of Appendix to Title 46, Shipping. For complete classification of the Act to the Code, see section 1901 of Title 46, App., and Tables.

The Controlled Substances Act, referred to in subsecs. (e) and (f)(1)(C), is Title II of Pub.L. 91–513, Oct. 27, 1970, 84 Stat. 1242, which is classified principally to subchapter I (section 801 et seq.) of chapter 13 of Title 21, Food and Drugs. For complete classification of this Act to the Code, see Short Title note set out under section 801 of Title 21 and Tables volume.

The Controlled Substances Import and Export Act, referred to in subsecs. (e) and (f)(1)(C), is Title III of Pub.L. 91–513, Oct. 27, 1970, 84 Stat. 1285, which is classified principally to subchapter II (section 951 et seq.) of chapter 13 of Title 21. For complete classification of this Act to the Code, see Short Title note set