EXHIBIT B

**WESTLAW ELECTRONIC RESEARCH**

See Westlaw guide following the Explanation pages of this volume.

## § 14135a.  Collection and use of DNA identification information from certain Federal offenders

### (a) Collection of DNA samples

#### (1) From individuals in custody

The Director of the Bureau of Prisons shall collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been, convicted of a qualifying Federal offense (as determined under subsection (d) of this section) or a qualifying military offense, as determined under section 1565 of Title 10.

#### (2) From individuals on release, parole, or probation

The probation office responsible for the supervision under Federal law of an individual on probation, parole, or supervised release shall collect a DNA sample from each such individual who is, or has been, convicted of a qualifying Federal offense (as determined under subsection (d) of this section) or a qualifying military offense, as determined under section 1565 of Title 10.

#### (3) Individuals already in CODIS

For each individual described in paragraph (1) or (2), if the Combined DNA Index System (in this section referred to as "CODIS") of the Federal Bureau of Investigation contains a DNA analysis with respect to that individual, or if a DNA sample has been collected from that individual under section 1565 of Title 10, the Director of the Bureau of Prisons or the probation office responsible (as applicable) may (but need not) collect a DNA sample from that individual.

#### (4) Collection procedures

(A) The Director of the Bureau of Prisons or the probation office responsible (as applicable) may use or authorize the use of such means as are reasonably necessary to detain, restrain, and collect a DNA sample from an individual who refuses to cooperate in the collection of the sample.

(B) The Director of the Bureau of Prisons or the probation office, as appropriate, may enter into agreements with units of State or local government or with private entities to provide for the collection of the samples described in paragraph (1) or (2).

**(5) Criminal penalty**

An individual from whom the collection of a DNA sample is authorized under this subsection, who fails to cooperate in the collection of that sample shall be—

(A) guilty of a class A misdemeanor; and

(B) punished in accordance with Title 18.

**(b) Analysis and use of samples**

The Director of the Bureau of Prisons or the probation office responsible (as applicable) shall furnish each DNA sample collected under subsection (a) of this section to the Director of the Federal Bureau of Investigation, who shall carry out a DNA analysis on each such DNA sample and include the results in CODIS.

**(c) Definitions**

In this section:

(1) The term "DNA sample" means a tissue, fluid, or other bodily sample of an individual on which a DNA analysis can be carried out.

(2) The term "DNA analysis" means analysis of the deoxyribonucleic acid (DNA) identification information in a bodily sample.

**(d) Qualifying Federal offenses**

The offenses that shall be treated for purposes of this section as qualifying Federal offenses are the following offenses, as determined by the Attorney General:

(1) Any felony.

(2) Any offense under chapter 109A of Title 18.

(3) Any crime of violence (as that term is defined in section 16 of Title 18.

(4) Any attempt or conspiracy to commit any of the offenses in paragraphs (1) through (3).

**(e) Regulations**

**(1) In general**

Except as provided in paragraph (2), this section shall be carried out under regulations prescribed by the Attorney General.

**(2) Probation officers**

The Director of the Administrative Office of the United States Courts shall make available model procedures for the activities of probation officers in carrying out this section.

**(f) Commencement of collection**

Collection of DNA samples under subsection (a) shall, subject to the availability of appropriations, commence not later than the date that is 180 days after December 19, 2000.

(Pub.L. 106–546, § 3, Dec. 19, 2000, 114 Stat. 2728; Pub.L. 107–56, Title V, § 503, Oct. 26, 2001, 115 Stat. 364; Pub.L. 108–405, Title II, § 203(b), Oct. 30, 2004, 118 Stat. 2270.)

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

**2000 Acts.** House Report No. 106–900, see 2000 U.S. Code Cong. and Adm. News, p. 2323.

**2004 Acts.** House Report No. 108–711, see 2004 U.S. Code Cong. and Adm. News, p. 2284.

**References in Text**

Chapter 109A of Title 18, referred to in subsec. (d)(2), is 18 U.S.C.A. § 2241 et seq.

**Codifications**

Section was enacted as part of the DNA Analysis Backlog Elimination Act of 2000 and not as part of the Violent Crime Control and Law Enforcement Act of 1994, which enacted this chapter.

**Amendments**

**2004 Amendments. Subsec. (d).** Pub.L. 108–405, § 203(b), rewrote subsec. (d), which formerly read:

"(1) The offenses that shall be treated for purposes of this section as qualifying Federal offenses are the following offenses under Title 18, as determined by the Attorney General:

"(A) Murder (as described in section 1111 of such title), voluntary manslaughter (as described in section 1112 of such title), or other offense relating to homicide (as described in chapter 51 of such title, sections 1113, 1114, 1116, 1118, 1119, 1120, and 1121).

"(B) An offense relating to sexual abuse (as described in chapter 109A of such title, sections 2241 through 2245), to sexual exploitation or other abuse of children (as described in chapter 110 of such title, sections 2251 through 2252), or to transportation for illegal sexual activity (as described in chapter 117 of such title, sections 2421, 2422, 2423, and 2425).

"(C) An offense relating to peonage and slavery (as described in chapter 77 of such title).

"(D) Kidnapping (as defined in section 3559(c)(2)(E) of such title).

"(E) An offense involving robbery or burglary (as described in chapter 103 of such title, sections 2111 through 2114, 2116, and 2118 through 2119).

"(F) Any violation of section 1153 involving murder, manslaughter, kidnapping, maiming, a felony offense relating to sexual abuse (as described in chapter 109A), incest, arson, burglary, or robbery.

"(G) Any attempt or conspiracy to commit any of the above offenses.

"(2) In addition to the offenses described in paragraph (1), the following offenses shall be treated for purposes of this section as qualifying Federal offenses, as determined by the Attorney General:

"(A) Any offense listed in section 2332b(g)(5)(B) of Title 18.

"(B) Any crime of violence (as defined in section 16 of Title 18).

"(C) Any attempt or conspiracy to commit any of the above offenses."

**2001 Amendments. Subsec. (d)(2).** Pub.L. 107–56, § 503, rewrote par. (2), which formerly read: "The initial determination of qualifying Federal offenses shall be made not later than 120 days after December 19, 2000."

## LIBRARY REFERENCES

American Digest System
Attorney General ⊕=6.
Pardon and Parole ⊕=8.