1  BARRY J. PORTMAN
   Federal Public Defender
2  JODI LINKER
   Assistant Federal Public Defender
3  REBECCA RABKIN
   Research and Writing Specialist
4  19th Floor Federal Building
   450 Golden Gate Avenue
5  San Francisco, CA 94102
   Telephone: (415) 436-7700
6
   Counsel for Defendant GARDNER
7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 | UNITED STATES OF AMERICA,        )   No. CR-07-0454 PJH (EMC)
                                      )
13 |                                  )   DEFENDANT GARDNER'S NOTICE OF
                    Plaintiff,        )   MOTION AND MOTION FOR
14 |                                  )   SEVERANCE; MEMORANDUM OF
   v.                                 )   POINTS AND AUTHORITIES IN
15 |                                  )   SUPPORT THEREOF
   LATOSHA GARDNER,                   )
16 |                                  )   Date:     December 12, 2007
                                      )   Time:     2:30 p.m.
17 |                Defendant.        )   Location: Courtroom 3, 17th Floor
   _____)   Judge:    The Hon. Phyllis J. Hamilton
18

**Table of Contents**

INTRODUCTION .................................................................. 2

BACKGROUND .................................................................. 2

    I.    Nearly Three Months Ago, Ms. Gardner Was Arrested and Arraigned on an Indictment Charging Her and Two Other Co-Defendants .................. 2

    II.    Ms. Gardner's Liberty is Being Restricted While On Pretrial Release ......... 3

ARGUMENT .................................................................. 4

    I.    Rule 14 Authorizes Severance of Co-Defendants to Prevent the Risk of Prejudicial Joinder .................................................................. 4

    II.    Ms. Gardener's Constitutional Right to a Speedy Trial Will Be Violated if She Is Not Severed for Trial from Her Co-Defendants .................................................................. 5

        A.    Ms. Gardner Will Suffer Prejudice from Oppressive Pre-trial Bail Conditions if She Is Not Severed for Trial from Her Co-defendants .... 7

        B.    Ms. Gardner's Ability to Present Her Defense Will be Prejudiced by the Delay in Bringing Her Case to Trial if She Is Not Severed from Her Co-defendants .................................................................. 8

        C.    Ms. Gardner Will Experience Prejudicial Anxiety and Concern Resulting from the Delay in Bringing Her Case to Trial if She Is Not Severed from Her Co-defendants .................................................................. 9

        D.    The Reason for the Delay in Bringing this Case to Trial Does Not Justify the Denial fo Ms. Gardner's Constitutional Right to a Speedy Trial .... 10

        E.    Ms. Gardner's Prompt Assertion of Her Speedy Trial Right Weighs in Her Favor in the *Barker* Analysis .................................................................. 11

    III.    Failure to Sever Ms. Gardner from Her Co-Defendants for Trial Will Result in a Violation of Her Right to a Speedy Trial Under the Speedy Trial Act ........ 11

CONCLUSION .................................................................. 13

i

# Table of Authorities

## FEDERAL CASES

*Barker v. Wingo*, 407 U.S. 514 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Doggett v. United States*, 505 U.S. 647 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 9

*Klopfer v. North Carolina*, 386 U.S. 213 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Baker*, 10 F.3d 1374 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*United States v. Beamon*, 992 F.3d 1009 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

*United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Gregory*, 322 F.3d 1157 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . passim

*United States v. Hall*, 181 F.3d 1057 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Henry*, 615 F.2d 1223 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. MacDonald*, 456 U.S. 1 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Marion*, 404 U.S. 307 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Messer*, 197 F.3d 330 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Zedner v. United States*, 126 S. Ct. 1976 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## FEDERAL STATUTES

18 U.S.C. § 1591 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3161 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

18 U.S.C. § 371 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Crim. P. 14(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

U.S. Const. amend. VI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## MISCELLANEOUS

H.R. Rep. No 93-1508 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
REBECCA RABKIN
Research and Writing Specialist
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant GARDNER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-07-0454 PJH (EMC) |
|---|---|---|
| Plaintiff, | ) ) ) ) | DEFENDANT GARDNER'S NOTICE OF MOTION AND MOTION FOR SEVERANCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| v. | ) ) |  |
| LATOSHA GARDNER, | ) ) | Date:     December 12, 2007 |
|  | ) | Time:     2:30 p.m. |
| Defendant. | ) ) | Location: Courtroom 3, 17th Floor |
|  | ) | Judge:    The Hon. Phyllis J. Hamilton |

TO: UNITED STATES ATTORNEY, PLAINTIFF; AND SCOTT N. SCHOOLS, UNITED STATES ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA; AND DENISE MARIE BARTON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTE that on Wednesday, December 12, 2007 at 2:30 pm, in the courtroom of the Honorable Phyllis J. Hamilton, or as soon thereafter as the motion may be heard, defendant Latosha Gardner will move this Court for severance of her trial from that of her co-defendants. This motion is based on the following memorandum of points and authorities, the constitution of the United States, all relevant statutory authority and case law, and such argument as the Court will entertain at the motion hearing.

Def.'s Motion For Severance
Case No. 07-454 PJH                                1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

While defendant Latosha Gardner has asserted her statutory and constitutional rights to have her case brought to trial so that she may clear her name and put these unsubstantiated allegations behind her, the government objects based on the its insistence that Ms. Gardner wait an uncertain amount of time for two co-defendants to be brought to this district and prepare for trial. In the meantime, Ms. Gardner is being prejudiced by this unreasonable delay. Accordingly, she moves to have her case severed from her missing co-defendants so that she may promptly be brought to trial.

**BACKGROUND**

**I.    Nearly Three Months Ago, Ms. Gardner Was Arrested and Arraigned on an Indictment Charging Her and Two Other Co-Defendants**

On July 17, 2007, a grand jury in the Northern District of California returned an indictment against defendant Latosha Gardner and two other defendants, Shannon Blaylock and Tawakoni Seaton. The indictment contains two counts against all three co-defendants: count one alleges conspiracy to engage in sex trafficking of a minor in violation of 18 U.S.C. Section 371, and count two alleges sex trafficking of a minor in violation of 18 U.S.C. § 1591, a crime requiring a ten year mandatory minimum sentence upon conviction.

Approximately one month later, on August 13, 2007, Ms. Gardner was arrested at her home in South San Francisco, and made her initial appearance in federal court on that date. Initially, she was detained on a motion by the government, but was released on certain onerous pretrial release conditions on August 16, after Magistrate Judge Edward Chen conducted an individualized detention hearing.

At the time Ms. Gardner was arrested, co-defendant Mr. Blaylock was in custody on state charges in Texas. Initially, Mr. Blaylock was being held in the Dallas County Jail, and this Court issued a writ of habeas corpus ad prosequendum on September 13, 2007 commanding that the

Def.'s Motion For Severance
Case No. 07-454 PJH                             2

United States Marshal Service and the Dallas County Sheriff produce Mr. Blaylock for appearance before the magistrate court in the Northern District of California. That request was ignored, and sometime later Mr. Blaylock was transferred to Texas state custody in Harris County. This Court again issued a writ of habeas corpus ad prosequendum on October 30, 2007, commanding that the United States Marshal Service and the Harris County Sheriff produce Mr. Blaylock in this District. Mr. Blaylock has yet to be produced and it remains uncertain when he will appear in this District.

At the time Ms. Gardner was arrested, co-defendant Seaton was at-large. At the last court appearance on October 24, 2007, government counsel informed the Court that Ms. Seaton remained at-large; however, government counsel has since informed defense counsel that Ms. Seaton was recently apprehended in Virginia. Nonetheless, Ms. Seaton has yet to appear in this District, and it remains uncertain when she will appear here.

While it is unknown when Mr. Blaylock and Ms. Seaton will be brought before this court – let alone be prepared to go to trial – by contrast, Ms. Gardner is prepared for trial and has requested a speedy trial. Specifically, at the last court appearance, Ms. Gardner asserted her constitutional and statutory rights to a speedy trial and requested that her trial commence on December 17, 2007. She objected to any further time waivers. The Court denied her request.

**II.    Ms. Gardner's Liberty is Being Restricted While On Pretrial Release**

Ms. Gardner is a thirty-five year-old female with absolutely no criminal history. She is a patient care assistant at U.C. San Francisco, and has been so employed for approximately nine years. She has never experienced any problems at work and is a model employee. Ms. Gardner is the union representative for the patient care assistants at the hospital and spends a significant amount of her time on union activities. Additionally, the allegations against her, and the facts offered in support thereof, are weak at best.

At her detention hearing, three individuals agreed to sign a bond on behalf of Ms. Gardner in the amount of $25,000 each. Accordingly, she is currently out of custody on $75,000

unsecured bond. Although not in custody, Ms. Gardner is under onerous pretrial release conditions that significantly restrict her freedom of movement and association. Ms. Gardner is under a strict curfew by the pretrial services office, she may not travel outside the Northern District of California, and is also prohibited from contacting her aunt, Sheila Blaylock, and from discussing her case with any relative or friend that she has in common with Mr. Blaylock. Thus, she may not discuss her case with her mother, siblings, aunts, uncles, and cousins, despite the fact that these people form the main support system in her life.

Ms. Gardner is innocent of the charges against her and desires to confront such charges at the earliest opportunity. Absent a grant of severance, however, Ms. Gardner's day in court will be deferred indefinitely, while her co-defendants are located, transported, assigned counsel and prepare for trial. She will be forced to endure months and potentially years of unnecessary pre-trial restrictions and anxiety with the risk growing each day that her defense will be compromised by evidence turned unreliable, witnesses made unavailable, and memories grown uncertain with the passage of time. Ms. Gardner respectfully submits this Motion on the grounds that failure to sever her trial from that of her co-defendants will result in a violation of her right to a speedy trial as guaranteed by both the Sixth Amendment and the Speedy Trial Act.

## ARGUMENT

**I.    Rule 14 Authorizes Severance of Co-Defendants to Prevent the Risk of Prejudicial Joinder**

Federal Rule of Criminal Procedure 14(a) provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

The inquiry into the prejudicial effect of a joint trial involves consideration of several factors, including whether a joint trial would "compromise a specific trial right" of the defendant. *United States v. Fernandez*, 388 F.3d 1199, 1241 (9th Cir. 2004) (citing *United States v. Baker*,

10 F.3d 1374, 1387-89 (9th Cir. 1993), overruled on other grounds in *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)). Here, a joint trial will violate Ms. Garner's right to a speedy trial as guaranteed by both the Sixth Amendment and the Speedy Trial Act, codified in part at 18 U.S.C. § 3161.

### II. Ms. Gardener's Constitutional Right to a Speedy Trial Will Be Violated if She Is Not Severed for Trial from Her Co-Defendants

The Sixth Amendment provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Although the Constitution does not specify a time period in which a trial must occur, the United States Supreme Court has ruled that the question of whether a defendant's right to a speedy trial has been violated is evaluated by applying a balancing test involving four factors: (1) the length of the delay; (2) the prejudice to the defendant; (3) the reason for the delay; and (4) the defendant's assertion of her right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The threshold issue in the *Barker* analysis is the length of delay. The remaining factors are considered only upon a showing that the trial delay is of sufficient length as to be presumptively prejudicial. *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003). Although there is no "bright line" rule regarding presumptively prejudicial delays, the Ninth Circuit in *Gregory* recognized that "courts generally have found that delays approaching one year are presumptively prejudicial." *Id.* at 1161-62, citing *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

Here, the expected delay absent a grant of severance is unreasonable. Ms. Gardner is prepared for trial on the charges against her, and has requested a prompt trial date. Her absent co-defendants, however, are unlikely to be prepared for trial in the near future. In fact, it is unclear when either co-defendant will even be brought before this District, let alone prepared for trial: one co-defendant remains in the custody of the state of Texas despite repeated demands by this Court for his transfer to this District, and the other co-defendant was only recently

apprehended in Virginia. Given the fact that these two co-defendants have yet to even appear in this District, it is entirely uncertain when they will be prepared for trial. Once both co-defendants come to this District, if ever, each will need to secure counsel. Then, counsel will need to request and review all of the discovery. Additionally, the co-defendants may seek to bring certain pretrial motions that would further delay these proceedings. Thus, it is reasonable to assume that it could be at least a year from Ms. Gardner's arraignment before she will be provided her day in court. A delay of such length is clearly sufficient to trigger the speedy trial inquiry under *Barker*. *See United States v. Beamon*, 992 F.3d 1009, 1013 (9th Cir. 1993) (finding respective delays of 17 and 20 months experienced by the appellants were "more than sufficient" to meet the *Barker* threshold).[1]

Once presumptive prejudice from the length of the delay has been established, the remaining *Barker* factors are considered to determine whether the defendant's Sixth Amendment right to a speedy trial has been violated. Of these, the critical factor for consideration is the showing that the defendant will experience prejudice as a result of the delay. *Gregory*, 322 F.3d at 1162. Three forms of such prejudice are typically demonstrated: (1) oppressive pretrial incarceration (or, in this case, bail conditions); (2) the possibility that the defense of the accused will be impaired by the delay; and (3) anxiety and concern of the accused while awaiting trial. *Id.* at 1163, citing *Doggett*, 505 U.S. at 654. Absent an order of severance from her co-defendants, Ms. Gardner will experience severe prejudice in the form of all three perils identified by *Gregory*.

///

///

---

[1] Defendant acknowledges that her predictions of delay in bringing this case to trial are in some ways speculative. The purpose of this motion, however, is not to seek relief from a violation of her right of speedy trial already incurred; rather, Ms. Gardner is seeking severance from her co-defendants to *prevent* such a violation. Instead of waiting for a violation of Ms. Gardner's speedy trial rights to occur and then contemplating the proper remedy, this Court should prevent such a violation from ever taking place by granting this severance and setting Ms. Gardner's case for trial.

Def.'s Motion For Severance
Case No. 07-454 PJH                    6

### A.   Ms. Gardner Will Suffer Prejudice from Oppressive Pre-trial Bail Conditions if She Is Not Severed for Trial from Her Co-defendants

Ms. Gardner is innocent of the charges against her. Nevertheless, she has been saddled with oppressive pre-trial bail conditions that will continue until she is vindicated at trial.

In *Klopfer v. North Carolina*, the Supreme Court discussed the disadvantages of prolonging the pretrial period, even for an individual not suffering through incarceration:

> The petitioner is not relieved of the limitations placed upon his liberty by this prosecution merely because its suspension permits him to go 'whithersoever he will.' The pendency of the indictment may subject him to public scorn and deprive him of employment, and almost certainly will force curtailment of his speech, associations and participation in unpopular causes. By indefinitely prolonging this oppression, as well as the 'anxiety and concern accompanying public accusation,' the criminal procedure condoned in this case . . . denies the petitioner the right to a speedy trial which we hold is guaranteed to him by the Sixth Amendment of the Constitution of the United States.

*Klopfer v. North Carolina,* 386 U.S. 213, 221-22 (1967); s*ee also United States v. MacDonald*, 456 U.S. 1, 9 (1982); *United States v. Marion*, 404 U.S. 307, 320 (1971).

The consequences faced Ms. Gardner by a prolonged pretrial period have changed little since the dire prediction by the *Klopfer* Court in 1967. Among other conditions, Ms. Gardner may not travel outside of the district, must maintain her current employment, may not have contact with her co-defendants, one of which is her first cousin, and is subject to a an extremely restrictive curfew set by pretrial services. Ms. Gardner, who is a patient care assistant (also known as a nursing assistant) at UCSF primarily works the graveyard shift. She is required to be at her home, and awake to answer random calls from pretrial services between 2pm and 9pm everyday. In addition, Ms. Gardner is prohibited from contacting her aunt, Sheila Blaylock, for any purpose whatsoever, and from discussing her case with any relative or friend that she shares with Mr. Blaylock. Thus, she may not discuss her case with her mother, siblings, aunts, uncles, and cousins, despite the fact that these people form the main support system in her life. Furthermore, the government is now seeking to force Ms. Gardner to undergo electronic home monitoring without any individualized determination of her danger to the public or risk of flight.

Def.'s Motion For Severance  
Case No. 07-454 PJH                              7

The unnecessary and oppressive pre-trial restrictions imposed on Ms. Gardner based on such hallow and baseless charges will result in a clear violation of her Constitutional right to a speedy trial.  As noted in *Baker*, the Sixth Amendment speedy trial guarantee is "rendered toothless" when a verdict is not returned until years after an indictment, forcing the defendant to endure "months or even years of incarceration while they are presumed, and may in fact turn out to be, innocent."  *Baker*, 10 F.3d at 1390.  Ms. Gardner, presumed innocent of the crimes with which she is charged, is entitled to more than a toothless Constitutional right and a series of pre-trial deprivations of liberty beyond that which is absolutely necessary.  She is entitled to severance from her co-defendants and the earliest possible opportunity to confront the charges against her in court.

**B.    Ms. Gardner's Ability to Present Her Defense Will be Prejudiced by the Delay in Bringing Her Case to Trial if She Is Not Severed from Her Co-defendants**

Of the prejudices resulting from delay in bringing a defendant to trial identified by the Court in *Barker*, the most serious is the possibility that the defense of the accused will be compromised by the passage of time.  "[T]he inability of a defendant adequately to prepare his case skews the fairness of the entire system."  *Barker*, 407 U.S. at 532.  The possible prejudices to a defense resulting from excessive pre-trial delay are myriad: witnesses become unavailable, tangible evidence is lost or destroyed, memories of distant events grow feint and inaccurate with time.

In the present case, counsel and an investigator for Ms. Gardner have had the opportunity to speak with both the alleged victim and one of the co-defendants.  Both provided information exculpating Ms. Gardner from criminal wrongdoing, and both contradicted information provided by the government in the indictment and discovery.  If this case were to go to trial now with the evidence currently available, Ms. Gardner would most certainly be acquitted.  Memory and perspective changes over time, however, and Ms. Gardner cannot predict what the positions of the victim and co-defendant will be when the government is finally ready to take this case to trial,

perhaps in a year or more.

It is of course impossible to identify with specificity what exculpatory evidence will become unavailable or unreliable from a delay in bringing a matter to trial. The Supreme Court has recognized that the loss of exculpatory evidence and testimony resulting from trial delay "can rarely be shown," and thus has provided that "consideration of prejudice is no limited to the specifically demonstrable" and that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Doggett*, 505 U.S. at 655. To prevent such presumptive, predictable, and irreparable harm, Ms. Gardner's trial should be severed from that of her co-defendants and allowed to proceed at the earliest opportunity.

**C.   Ms. Gardner Will Experience Prejudicial Anxiety and Concern Resulting from the Delay in Bringing Her Case to Trial if She Is Not Severed from Her Co-defendants**

The Ninth Circuit, in *Gregory*, identified the "anxiety and concern of the accused" as the third typically demonstrated form of prejudice resulting from delays in bringing a criminal matter to trial. *Gregory*, 322 F.3d at 1163, citing *Doggett*, 505 U.S. at 654. Confronted with an uncertain and extended term of pre-trial bail restrictions, the fact that Ms. Gardner is concerned and anxious about the potential for delay if severance is not granted seems almost too obvious an observation to merit mention.

But merit mention it does. Ms. Gardner has never before been accused of a crime, arrested, or indicted. She has had no prior contact with police. She is currently employed full time as a patient care assistant, is a model employee, and an active union representative. She is close with her family, and relies on them almost exclusively for support and companionship. The anxiety, humiliation, and pain she has experienced due to these baseless charges is acute and constant.

///

///

///

Def.'s Motion For Severance
Case No. 07-454 PJH                                     9

### D. The Reason for the Delay in Bringing this Case to Trial Does Not Justify the Denial fo Ms. Gardner's Constitutional Right to a Speedy Trial

The reason for the delay in bringing this case to trial, another of the *Barker* factors, also weighs in favor of a finding that Ms. Gardner's Constitutional right to a speedy trial will be violated if she is not severed for trial from her co-defendants.

The expected delay in bringing Ms. Gardner to trial if severance is not granted is attributable entirely to the government's preference for one trial involving all three co-defendants. Two of these co-defendants are absent from the District. Mr. Blaylock has been in state custody in Texas since this indictment was filed—more than three months. Yet, the government waited nearly two months after the filing of this indictment before it even filed a writ seeking his transfer to this District. The writ provided to the Dallas County Sheriff was ignored, and the writ to the Harris County Sheriff has fared no better. And the *only* one who suffers as a result of this extended delay is Ms. Gardner.

Ms. Seaton was only recently arrested. The government chose to join in the indictment an individual whom it took more than three months to even locate. Again, the *only* one who suffers as a result of this delay is Ms. Gardner. This delay could have been entirely avoided had the government exercised some degree of patience in filing this indictment and/or waiting to arrest Ms. Gardner, at least until they had some idea where the two missing co-defendants were located. The government chose to indict and arrest Ms. Gardner at a time when the government was aware that the other co-defendants were not in this District. Indeed, one of the co-defendants was at-large. That decision is now being used to prejudice Ms. Gardner in violation of her speedy trial rights. By filing early and arresting Ms. Gardner without custody of the other two co-defendants, while at the same time objecting to a trial date for Ms. Gardner, the government is intentionally and willfully disregarding her right to speedy trial.

This delay is wholly unnecessary to effectuate justice in the matter before the Court. The government has two options. It can readily try Ms. Gardner for the acts with which she is

charged in her own trial. In the alternative, the government can dismiss the charges against Ms. Gardner without prejudice and refile them when they are ready to actually proceed with this case. A deferment for months or even years of Ms. Gardner's opportunity to confront the charges against her and the resulting violation of her Sixth Amendment right to a speedy trial cannot be justified by the government's desire to realize the prosecutorial advantage of a joint trial.

### E. Ms. Gardner's Prompt Assertion of Her Speedy Trial Right Weighs in Her Favor in the *Barker* Analysis

Finally, the Ninth Circuit has twice concluded that the prompt assertion of her speedy trial rights weighs, at least slightly, in the defendant's favor for purposes of the *Barker* analysis. *Gregory*, 322 F.3d at 1162, citing *Beamon*, 992 F.2d at 1013; *United States v. Henry*, 615 F.2d 1223, 1233-34 (9th Cir. 1980). Ms. Gardner has made her desire for a speedy trial known to counsel and the court (save for a continuance of only a few weeks while defense counsel conducted brief investigation into the facts of this case). Today, by way of this Motion, Ms. Gardner respectfully requests that this Court prevent a violation of her Constitutional right to a speedy trial by granting a severance from her co-defendants and setting a date for trial on these charges at the earliest opportunity.

### III. Failure to Sever Ms. Gardner from Her Co-Defendants for Trial Will Result in a Violation of Her Right to a Speedy Trial Under the Speedy Trial Act

Under the Speedy Trial Act, a defendant's trial must commence within 70 days of the filing of the indictment or the defendant's first court appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). When the defendant's rights under the Speedy Trial Act are violated, the remedy is dismissal of the charges. 18 U.S.C. § 3161(a)(2).

The 70-day time limit notwithstanding, the Act permits the exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). However, "[e]xcludability under this section is not automatic; the period of delay must be 'reasonable.'" *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) (internal citations

Def.'s Motion For Severance
Case No. 07-454 PJH                      11

1   omitted).

2   The trial court has an independent obligation to determine whether the delay is
3   reasonable. *Id.* "In undertaking such analyses, courts look particularly to 'whether the delay was
4   necessary to achieve its purpose' and to whether there was any 'actual prejudice suffered by the
5   appellant.'" *Id.* (quoting *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998)). The
6   general purpose of the Speedy Trial Act is to "facilitate the efficient use of judicial resources by
7   enabling joint trial where appropriate." *Hall*, 181 F.3d at 1062.

8   The expected delay in bringing Ms. Gardner to trial if she is not severed from her co-
9   defendants is unnecessary to achieve this purpose. As noted earlier, the government is free to
10  dismiss the charges against Ms. Gardner without prejudice and refile them when it is ready to
11  actually proceed with this case. In addition, rather than conserving judicial resources, the present
12  delay is squandering them. Ms. Gardner is currently under the supervision of pre-trial services,
13  and will likely be so for the months or years it takes this case to reach trial. Moreover, the
14  present delay is creating unnecessary litigation, both on this severance issue, as well as on issues
15  surrounding Ms. Gardner's pre-trial conditions. The delay is made further unreasonable by the
16  fact that Ms. Gardner will experience actual prejudice in the form of months or years of
17  unnecessary pre-trial bail conditions, severe anxiety, and a defense impaired by the passage of
18  time.

19  Finally, it is not only Ms. Gardner's right to a speedy trial that must be considered in
20  evaluating whether there has been a violation of the Speedy Trial Act.

21  > 'The right to a speedy trial belongs not only to the defendant, but to society as
22  > well.' Accordingly, regardless of the willingness of counsel to accept pretrial
    > delay, the Speedy Trial Act assigns district courts an independent responsibility to
23  > protect both the defendant's and the public's strong interest in the timely
    > administration of justice.

24  *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999), quoting *Hall*, 181 F.3d at 1062.
25  Among other reasons, the Speedy Trial Act serves the public interest by reducing defendants'
26  opportunity to commit crimes while on pretrial release, preventing extended pretrial delay from

1  impairing the deterrent effect of punishment, reducing the consumption of the time and energy of
2  the criminal justice system and limiting the financial and administrative burden on taxpayers.
3  *Zedner v. United States*, 126 S. Ct. 1976, 1985 (2006); *See also* H.R. Rep. No 93-1508 at 7402,
4  7408-09 (1974).  Thus, this Court should consider the public interest when determining whether
5  severance in this case is warranted.

6  **CONCLUSION**

7  For the foregoing reasons, defendant Latosha Gardner's right to a speedy trial under both
8  the Sixth Amendment to the United States Constitution and the Speedy Trial Act is jeopardized
9  by the joinder of her case with co-defendants Blaylock and Seaton.  Accordingly, Ms. Gardner
10 respectfully requests that she be severed from her co-defendants and that this Court set a trial
11 date in her case at the earliest possible opportunity.
12 Dated: November 7, 2007

13                                    Respectfully submitted,

14                                    BARRY J. PORTMAN
                                      Federal Public Defender
15
                                              /s/
16
                                      JODI LINKER
17                                    Assistant Federal Public Defender

Def.'s Motion For Severance
Case No. 07-454 PJH                    13