SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN STRETCH (CSBN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7359
    Facsimile: (415) 436-7234
    denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>SHANNON BLAYLOCK,<br>   aka ARLANDYS RICHARDSON,<br>   aka "DADDY RICH",<br>TAWAKONI SEATON,<br>   aka TONI, and<br>LATOSHA GARDNER,<br><br>    Defendant. | CR No. 07-0454 PJH<br><br>MEMORANDUM IN OPPOSITION TO MOTION FOR SEVERANCE |

    To prevail on a Motion for Severance, a defendant bears the burden to show undue prejudice of a specific trial right. The defendant has failed to meet this burden. In her Motion, she claims that her Sixth Amendment right to a Speedy Trial has been prejudiced. However, a mere four months will have passed from the date of the defendant's arraignment through the date of the hearing on this Motion. Under these facts, the defendant cannot make the requisite threshold showing of delay to make out a violation of her Sixth Amendment Speedy Trial right.

I.  **STATEMENT OF FACTS**

On July 17, 2007, the Grand Jury for the Northern District of California returned a two-count Indictment charging defendant Latosha Gardner, Shannon Blaylock, and Tawakoni Seaton, with Conspiracy to Engage in Sex Trafficking of a Minor in violation of Title 18, United States Code, section 371 and Sex Trafficking of a Minor in violation of Title 18, United States Code, section 1591. Also on July 17, 2007, the Honorable Nandor J. Vadas issued no-bail arrest warrants for Gardner and her co-defendants.

On August 13, 2007, the defendant was arrested on the warrant and made her first appearance in this District. She was arraigned before the Honorable Joseph C. Spero and the matter was continued until August 16, 2007 for a detention hearing. On August 16, 2007, after a lengthy hearing and over the objection of the United States, the Honorable Edward M. Chen released defendant on pre-trial conditions and an unsecured surety. In addition to the standard conditions of release, the defendant was ordered to comply with a curfew to be determined by Pre-Trial Services and to not have contact with the co-defendants, the minor victim, and a woman by the name of Daphene Vickers. The matter then set for an Initial Appearance before this Court on August 29, 2007. By stipulation, time was excluded from August 16, 2007 through August 29, 2007 for effective preparation of counsel. See *Order dated October 1, 2007, ECF Document 17*.

On August 29, 2007, the parties made their Initial Appearance before this Court. The Court set a discovery schedule, addressed a motion to unseal the proceedings,[1] and continued the matter until September 26, 2007 for Trial Setting. By stipulation, time was excluded from August 29, 2007 through September 26, 2007. See *Order dated October 1, 2007, ECF Document 15*.

On September 13, 2007, after learning the location of co-defendant Blaylock, the United States submitted a *Petition for Writ of Habeus Corpus Ad Prosequendum* for co-defendant Shannon Blaylock and the Court issued the *Writ* for the appearance of co-defendant Blaylock in

---

[1] The issue concerning the sealing order was later resolved by Stipulation and Orders issued by this Court.

1  this District.

2  On September 26, 2007, the parties again appeared before this Court. Defense counsel indicated her intention to file a Motion and the Court set a briefing schedule, setting October 10, 2007 as the filing date for the Motion and November 17, 2007 for a Hearing on the Motion. By stipulation, time was excluded from September 26, 2007 through October 10, 2007 for effective preparation of counsel.[2] See *Order dated October 10, 2007, ECF Document 16.*

On October 4, 2007, counsel for the United States, having already discussed the matter with defense counsel, advised Pre-Trial Services Officer Michelle Nero that since the defendant's detention hearing, counsel for the United States had realized that the defendant should have been placed on electronic monitoring as a condition of her release according to Title 18, United States Code, section 3142(c), as amended by the Adam Walsh Act. By agreement, the matter was put on calendar for October 22, 2007.

On October 10, 2007, defense counsel advised the Court and counsel for the United States that she no longer intended to file the Motion referenced on September 26, 2007 and requested to set the matter on calendar on October 24, 2007. See *Letter dated October 10, 2007 and Order dated October 12, 2007, ECF Document 19.*

On October 22, 2007, the parties appeared before the Honorable Edward M. Chen to address the electronic monitoring issue identified by the United States earlier that month and an alleged violation of pre-trial release conditions. Counsel for the United States advised the Court that she had failed to identify this issue at the original detention hearing and had since learned that the amended Bail Reform Act mandated that a defendant charged with a violation of Title 18, United States Code, section 1591, if released, be placed on electronic monitoring. See 18 U.S.C. § 3142(c). At the hearing, counsel for the defendant objected to the imposition of the electronic monitoring on several grounds, including a constitutional challenge. The Court directed the parties to submit briefs and set the matter for a hearing on October 26, 2007.

---

[2] At the September 26, 2007 hearing, it was anticipated that time would be automatically excluded from October 10, 2007, the filing date for the defense Motion, through November 7, 2007 pursuant to Title 18, United States Code, section 3161(h)(1)(F). Accordingly, counsel for the United States did not reference this time in the Stipulation and Proposed Order.

1    On October 24, 2007, the parties appeared before this Court.  Over the objection of the
2 United States, defense counsel submitted a 3-page Proposed *"Joint"* Stipulation setting Pre-Trial
3 Hearing Dates, Discovery, and Other Cut-Off Dates to the Court[3] and requested a Trial date.  The
4 Court denied the request for a Trial Date and Stipulation.  Defense counsel was directed to file a
5 Motion to Sever and the Court set a briefing schedule, with the defendant's Motion to be filed on
6 November 7, 2007 with a Hearing set for December 12, 2007.  The Court also excluded the time
7 from October 10, 2007 through October 24, 2007 - the period following the intended filing date
8 of defendant's Motion through the time the parties again appeared before the Court after defense
9 counsel advised of her intention not to file a Motion.  The Court also excluded time from
10 November 7, 2007 through December 12, 2007.[4]  Also at this appearance, the United States
11 advised the Court that it believed that co-defendant Seaton had been located and would be taken
12 into custody shortly.[5]

13    On October 26, 2007, Seaton was arrested in the Eastern District of Virginia.  On October
14 31, 2007, she waived detention and identity hearings in that District, and was remanded to the
15 custody of the United States Marshal's Service for transport to the Northern District of
16 California.  See *Minutes of Proceedings in the Eastern District of Virginia, ECF Document 32.*

17    Also on October 26, 2007, the parties returned before the Honorable Edward M. Chen.
18 Following a hearing on an alleged violation of the conditions of pre-trial release, the Court
19 modified the defendant's release bond to prohibit the defendant from contacting Sheila Blaylock,
20 mother of co-defendant Shannon Blaylock and from discussing "the facts or legal strategies of
21 this case with any friend or relative Defendant may have in common with Defendant Shannon

---

[3] The defense counsel never consulted with or advised the United States on the Proposed *"Joint"* Stipulation prior to the appearance before the Court.

[4] At the October 24, 2007 appearance, counsel for the United States requested, over the objection of the defendant, that time be excluded from October 24, 2007 through November 7, 2007, the filing date for defendant's motion, pursuant to Title 18, United States Code, section 3161(h)(1)(7).  The Criminal Minutes from October 24, 2007 do not reflect the Court's ruling on this request.  Counsel for the United States will be filing a submission to clarify this issue.

[5] The United States had been making efforts, without success, to apprehend Seaton since the indictment issued in July 2007.

MEMORANDUM IN OPPOSITION TO MOTION FOR SEVERANCE, 07-0454 PJH
4

Blaylock." See *Order Modifying Bond, dated October 26, 2007, ECF Document 27*.

On October 29, 2007, after learning that co-defendant Blaylock had been moved from the correctional facility identified in the *Writ of Habeus Corpus Ad Prosequendum* dated September 13, 2007 to another correctional facility, the United States submitted a second *Petition for Writ of Habeus Corpus Ad Prosequendum* for co-defendant Shannon Blaylock. On October 30, 2007, this Court issued an a second *Writ* for the appearance of co-defendant Blaylock in this District. The United States has been in regular contact with authorities in Houston, Texas in an effort to facilitate the transport of co-defendant Blaylock and will report on the status of this co-defendant at the time of the hearing on this Motion.

On November 20, 2007, co-defendant Tawakoni Seaton made her first appearance in this District before the Honorable Bernard Zimmerman. The matter was set for Identification of Counsel and a Detention Hearing on November 26, 2007.

## II.     ARGUMENT

### A.     The Defendant Bears a Heavy Burden to Justify Severance

Federal Rule of Criminal Procedure 14 gives the trial judge discretion to sever co-defendant trials where joinder "appears to prejudice defendant." Fed. R. Crim. P. 14(a). However, to prevail on a motion for severance, the defendant "carr[ies a] difficult burden of demonstrating undue prejudice." United States v. McDonald, 576 F.2d 1350, 1355 (9th Cir. 1978); see also United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994)("Rule 14 sets a high standard for a showing a prejudice."). The Supreme Court has held that "a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . . " Zafiro v. United States, 506 U.S. 534, 539 (1993); see also United States v. Hanley, 190 F.3d 1017 (9th Cir. 1999) (affirming the denial of a motion for severance which claimed that evidence against co-defendants was greater and would be prejudicial). Rule 14 is designed to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Zafiro, 506 U.S. at 540. A defendant is not entitled to severance merely because a separate trial would be to his advantage; he must

demonstrate prejudice "other than that which necessarily inheres whenever multiple defendants . . . are tried jointly." United States v. Adler, 862 F.2d 210, 216 (9th Cir. 1988) (quoting United States v. Adams, 581 F.2d 193, 198 (9th Cir. 1978)).

The Ninth Circuit has consistently held "defendants jointly charged are, prima facie, to be jointly tried." United States v. Baker, 10 F.3d 1374, 1387(1993) (emphasis in original). The Ninth Circuit has stated the reasons for this strong preference:

> [J]oint trials of persons charged with committing the same offenses expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burdens upon citizens to sacrifice time and money to serve on juries and avoids the necessities of recalling witnesses who would otherwise be called to testify only once.

United States v. Brady, 579 F.2d 1121, 1128 (9th Cir. 1978); see also United States v. Baker, 10 F.3d at 1387 ("joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.")(quotations and citations omitted). A "joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." United States v. Fernandez, 388 F.3d 199, 1242 (9th Cir. 2004) (affirming joint trial of 11 defendants charged with different conspiracies, separate RICO predicates and VICAR offenses, after 13 other defendants had been severed for trial).

Here, the defendant has not met her heavy burden to show that a specific trial right, namely her right to a speedy trial, has been violated such that severance would be appropriate.

**B.   Defendant Has Failed To Make Even A Threshold Showing of a Violation of Her Right to a Speedy Trial**

In light the defendant's failure to make even the requisite threshold showing of a Sixth Amendment Speedy Trial Clause violation, this Court should deny the defendant's motion. In assessing a claim asserting a violation of the Sixth Amendment right to a Speedy Trial, courts apply a four factor balancing test:

- if the delay was uncommonly long;
- if the government of the defendant is more to blame for the delay;

       - if the defendant asserted her right to a speedy trial, and

       - if the defendant suffered prejudice as a result of the delay.

Doggett v. United States, 505 U.S. 647, 651 (1992); United States v. King, 483 F.3d 969, 976 (9th Cir. 2007))(analyzing a Sixth Amendment Speedy Trial violation using the four factor analysis); United States v. Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003)(same).  However, the first factor - the length of the delay - is a threshold issue.  Only if the defendant makes this threshold showing, should the court proceed with a full analysis of all the factors.  "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial . . . ."  Doggett v. United States, 505 U.S. at 652 ("by definition [a defendant] cannot complain that the government has denied him a speedy trial if it has, in fact, been prosecuted his case with customary promptness"); see also Barker v. Wingo, 407 U.S. 514, 530 (1972) ("[u]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance").

     In this Circuit, courts have generally found that delays approaching one year are presumptively prejudicial and would meet the threshold showing.  United States v. Gregory, 322 F.3d at 1161-62; United States v. Beamon, 992 F.2d 1009, 1012-13 (delays approaching one year are presumptively prejudicial).  The "delay" is measured from the time the defendant is arrested until the time of trial.  United States v. Henry, 615 F.2d 1223, 1232 (9th Cir. 1980 ("a person is considered accused when he is arrested, regardless of when the indictment is finally handed down") (citing Dillingham v. United States, 423 U.S. 64, 65 (1975)).

     The circumstances of this case do not even meet the threshold showing.  The defendant was arrested and brought before this Court on August 13, 2007.  As of the hearing, a mere four months will have passed, one third of time necessary for a presumptive showing of delay.  In light of the short period of time that has passed and the defendant's failure to meet the threshold showing to make out a Sixth Amendment Speedy Trial Clause violation, this Court should deny the defendant's Motion without further analysis under the four part test.

//

1.  The Defendant's Case Is Not Prejudiced By Proceeding in the Ordinary Course

Even if the defendant met the threshold showing, she has not identified any specific prejudice that she has or will suffer as a result of the passage of time before her case is tried jointly with her co-defendants. If the defendant met the requisite threshold showing of and the delay was "not great," she would be required to demonstrate particularized and actual prejudice if the delay had not been great. United States v. Gregory, 322 F.3d at 1162-63. Delays from 17-22 months have been held to be so long as to excuse the defendant from a particularized showing of prejudice. Id. at 1162-63 (22 months); United States v. Beamon, 992 F.2d 1009, 1014 (9th Cir. 1993) (17 and 20 month delay). In contrast, if the delay is "great and attributable to the government" the defendant is not required to make a showing of actual prejudice. United States v. Gregory, 322 F.3d at 1162-63. The defendant's claim of oppressive pre-trial release conditions and general anxiety, such that any defendant charged with a serious crime would feel, do not rise to the level of specific prejudice.

The defendant's pre-trial release conditions were set after two protracted detention hearings before Judge Chen. These conditions are not as draconian as defendant portrays. Although subject to a curfew, the defendant is not subject to house arrest and is permitted to work and conduct other personal business as is deemed appropriate by Pre-Trial Services. According to the defendant, she is required to be home for a seven hour period and available to confirm her presence in her house. See *Defendant's Motion, p. 7*. Further, contrary to the defendant's contention, she is not precluded from discussing her case with her family or relying on them for a support network. The order provides that she cannot discuss "the facts or legal strategies of this case with any friend or relative Defendant may have in common with Defendant Shannon Blaylock." See *Order Modifying Bond, dated October 26, 2007, ECF Document 27*. This condition, like the one that she cannot contact her aunt Sheila Blaylock is of the defendant's own making. The original bond conditions ordered that the defendant have no contact with co-defendants. However, after that condition was imposed, the Defendant spoke with her aunt/ co-defendant's Shannon Blaylock's mother, Sheila Blaylock, and discussed specific details about

the case. These conversations were relayed to co-defendant Blaylock by a letter from his mother. On October 26, 2007, Judge Chen found that "In light of the evidence indicating that the Defendant's communications with her aunt, Sheila Blaylock, about this case may have been passed onto Defendant Shannon Blaylock, the pretrial bond is hereby modified to prohibit Defendant Gardener from communicating with Sheila Blaylock."

Further, the defendant dramatically claims that the "government is now seeking to force Ms. Gardner to undergo electronic monitoring without any individualized determination. . . ." See *Defendant's Motion, p. 7*. Again, the defendant has exaggerated and mischaracterized the facts of this case. On October 22, 2007, the United States advised Judge Chen, the Magistrate Judge who set the original conditions of release, that since the original detention hearing, it had learned that, following the adoption of the Adam Walsh Act amendments to the Bail Reform Act, a defendant charged with a violation of Title 18, United States Code, section 1591 is subject to mandatory electronic monitoring if released on conditions. See 18 U.S.C. § 3142(c). At the hearing, counsel for the United States stated that she believed that she had an obligation, as an officer of the court, to advise the court of this oversight and action taken contrary to a statute. Contrary to defendants contentions, the United States is not taking arbitrary or capricious action towards the defendant but is simply trying to abide by Congress' mandate.

The cases cited by the defendant are factually distinguishable from the present case. In United States v. Klopner, decided before adoption of the Speedy Trial Act, the petitioner was indicted in February 1964. Sixteen months later, in August 1965, the prosecutor sought and obtained a nolle prosequi, dismissing the charges. 386 U.S. 213, 218-220. In that jurisdiction, upon entry of a nolle prosequi, a prosecutor was permitted to reinstate the charges, notwithstanding the earlier dismissal, for an indefinite period of time. Id. Here, the case will be concluded in a period to be monitored by the Court in a manner consistent with the Sixth Amendment and Speedy Trial Act.

The defendant's claim of prejudice amounts to no more than frustration and anger that she must wait for resolution of this case under the same time parameters as any other defendant charged with a serious crime with other co-defendants. In United States v. King, the court

considered whether the defendant had identified any specific prejudice and found none. Like Gardner, King had not been incarcerated during the pre-trial delay. United States v. King, 483 at 977. In finding that there was no specific prejudice, the Court noted that King had not been incarcerated. The Court stated that "it is [also] clear that [the defendant] cannot rely solely on the mere passage of time" as the prejudice suffered. Id. at 969.

2. <u>Defendant's Efforts to Meet the Second Factor By Casting Baseless Aspersions on the United States Prosecutorial Actions Should Be Disregarded</u>

The Defendant contends that severance would be appropriate because the delay is attributable to the United States. As an initial matter, there has been no delay. This case has proceeded in due course. The alleged "delay" is due to the United States efforts to abide by the Federal Rules of Criminal Procedure. Federal Rule of Criminal Procedure 8(b) provides that

> Two or more defendants may be charged in the same indictment ... if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be in each count.

F.R.Cr.P. 8(b). The defendant is charged with Sex Trafficking a Minor with co-defendants Blaylock and Seaton. The Ninth Circuit has repeatedly stated that "Rule 8(b) should be construed broadly in favor of joinder." United States v. Vasquez-Velasco, 15 F.3d 833, 844 (9th Cir. 1994)(citations omitted). Moreover, as set forth more fully above, in accordance with Rule 14, co-defendants are to be tried jointly, absent prejudice to the defendant. Judicial economy, not ill-conceived motive, have driven the actions in this case.

**C.    The 70 Day Speedy Trial Act Clock Has Not Been Violated.**

The Speedy Trial Act is another mechanism to ensure that a defendant's Sixth Amendment right to a Speedy Trial is not violated. United States v. King, 483 F.3d 969, 975-76 (9th Cir. 2007).

> The Speedy Trial Act was enacted in part out of dissatisfaction with Sixth Amendment Speedy Trial jurisprudence, and to put more life into the defendant's speedy trial rights. Thus, we have recognized that it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated.

Id. (quotations and citations omitted). When the Congress passed the Speedy Trial Act, it

contemplated the delays attendant in any trial. "The time limits of the bill are tolled by a number of exclusions provided for necessary delay occasioned by pre-trial motions, proceedings and other contingencies that arise during the course of criminal prosecutions." 1974 U.S.S.C.A.N. 7401, House Report 93-1508. The need for and validity of such exclusions have been sanctioned by the Supreme Court. United States v. Zedner, 126 S. Ct. 1976, 1985 (2006)("the Speedy Trial Act comprehensively regulates the time within which a trial must begin . . . [and] specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines").

In this case, the defendant has no basis for claiming a violation of the Speedy Trial Act. The United States believes that all time to date has been properly excluded from the Speedy Trial Act calculation. However, even if this Court does not exclude the time from the last appearance, October 24, 2007 through the filing of the defendant's motion, at most, 13 of the 70 days of the Speedy Trial Act have elapsed.

### III.     CONCLUSION

For foregoing reasons, this Court should deny the defendant's Motion For Severance.


                                                    SCOTT N. SCHOOLS
                                                    United States Attorney

DATED: November 21, 2007                            _____/s/_____
                                                    DENISE MARIE BARTON
                                                    Assistant United States Attorney