BARRY J. PORTMAN
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
REBECCA RABKIN
Research and Writing Specialist
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant GARDNER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0454 PJH (EMC) |
| Plaintiff, | DEFENDANT GARDNER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR SEVERANCE |
| v. | Date: December 12, 2007 |
| LATOSHA GARDNER, | Time: 1:30 p.m. |
| | Location: Courtroom 3, 17th Floor |
| Defendant. | Judge: The Hon. Phyllis J. Hamilton |

    Ms. Gardner is not seeking relief from a violation of her constitutional rights that has already occurred; instead, she is requesting a severance to *prevent* a violation of her constitutional rights, an outcome that seems likely if she is not afforded a prompt trial date as requested. As the Ninth Circuit has explained, a constitutional right that can only be invoked after violation occurs is certainly "toothless." Rather than wait and allow a violation of Ms. Gardner's speedy trial rights to occur, this Court should sever Ms. Gardner from her co-defendants, and set her case for trial as soon as possible.

    Ms. Gardner respectfully requests that her motion be granted to prevent the violation of

Def's Reply re: Mot. for Severance
Case No. 07-454 PJH                               1

her speedy trial rights under the Sixth Amendment to the United States Constitution and the Speedy Trial Act.

**ARGUMENT**

**I.    A Severance is Warranted Under Fed. R. Crim. P. 14(a)**

Ms. Gardner does not dispute that there exists a presumption in favor of joint trials. Certainly, joint trials of co-defendants promote judicial economy, particularly when co-defendants are charged with conspiracy. *United States v. Fernandez*, 388 F3d. 1199, 1242 (9th Cir. 2004). While a defendant would be hard pressed to make a case for severance merely on the basis that a separate trial would be to her advantage, that is not the case before this Court. Here, a severance is warranted to protect Ms. Gardner's constitutional right to a speedy trial

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . . ." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In the present case, Ms. Gardner moves for severance to protect her constitutional right to a speedy trial. A violation of the right to speedy trial falls within the concept of "prejudice" addressed in Fed. R. Crim. P. 14. *See United States v. Baker*, 10 F.3d 1374, 1390 (9th Cir. 1993), overruled on other grounds in *United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000).

The danger to Ms. Gardner's speedy trial right is real. She is currently the only one of three defendants prepared to set a trial date. One co-defendant, Tawokoni Seaton, made her initial appearance in the Magistrate Court in this District on November 20, 2007, and just was appointed counsel on November 26, 2007. She has yet to make her initial appearance before this Court, and will not do so until the day the instant motion is heard by this Court. The other co-defendant, Shannon Blaylock, has yet to appear on this case. He is apparently still in custody in Texas, and repeated efforts by the government to have him transferred to this Court have so far failed. If Ms. Gardner is not severed from these co-defendants, her trial will be delayed indefinitely. It is entirely uncertain until when both co-defendants will even be in this District,

let alone prepared for trial. Accordingly, Ms. Gardner has demonstrated that a joint trial will compromise a specific trial — namely, her right to a speedy trial.

## II. Ms. Gardner Will Be Prejudiced By the Continued Delay of her Trial

### A. Ms. Gardner has made the threshold showing for violation of her speedy trial right

Under the Supreme Court's test for violation of a speedy trial right, the length of delay is a threshold issue. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). The government is wrong, however, in its conclusion that Ms. Gardner has not met this threshold. In this regard, the government's citation to *United States v. Gregory* is misleading. While it accurately quotes the Gregory court's statement that "[a]lthough there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial," it conveniently ignores the footnote directly following: "Within this circuit, we have found that a sixth-month delay is a 'borderline case,' although we have also observed that there is a general consensus among the courts of appeals that eight months constitutes the threshold minimum." *United States v. Gregory*, 322 F.3d 1157, 1161-62, n. 3 (9th Cir. 2003).

As the government acknowledges, it has already been four months since Ms. Gardner was arrested on these charges. Yet, as noted above, one co-defendant has only just been appointed counsel and the other has yet to be taken into federal custody, let alone appear in this District. Even if this Court assumes that Ms. Seaton will be prepared to go to trial within four more months, the delay in bringing Ms. Gardner to trial will be eight months. Such a delay satisfies the *Barker* threshold in the Ninth Circuit.

This calculation does not even take into account the additional delay that will be caused by Mr. Blaylock's absence. It remains uncertain if and when Mr. Blaylock will be brought before this court. The state of Texas has so far ignored two orders from this Court for his transfer, pending since September 13, 2007 and October 30, respectively. The delay caused by his preparation for trial, aggregated with the delay in bringing Ms. Gardner's case to trial already

incurred to date, can reasonably be predicted to meet or exceed the threshold required to trigger analysis of the remaining *Barker* factors.

Moreover, the government's focus on the delay experienced to date misconstrues Ms. Gardner's position, Ms. Gardner is not seeking relief from a violation of his right to a speedy trial already incurred, she is seeking severance from her co-defendants in an effort to prevent such a violation from occurring in the first instance.

**B.    The government unfairly minimizes the burden and anxiety experienced by Ms. Gardner as a result of this extended pre-trial period**

The government asserts that Ms. Gardner is unable to point to any specific prejudice she has suffered as a result of the continued delay in setting her case for trial, yet it goes to great lengths to minimize the gravity of the pre-trial conditions placed on Ms. Gardner.

These arguments ring hollow.  First, Ms. Gardner is not the typical defendant charged with a serious crime.  As noted in her original moving papers, she has absolutely no criminal history, has long-standing employment in patient care at U.C. San Francisco, is a model employee at work, and is active in her union.  The fact, that many individuals charged with crimes are given these conditions does not make them less oppressive.  Moreover, that Mr. Blaylock is Ms. Gardner's cousin takes this case out of the realm of the typical case.  A condition that a defendant not communicate with a co-defendant is relatively simple, but when that condition extends to a significant portion of defendant's family, the burden becomes exponentially greater.  Finally, whether by the government's doing or that of Congress, there can be no denying that electronic home monitoring, if it is required in this case, will be a serious imposition on Ms. Gardner's life.

Moreover, the *King* case cited by the government is inapposite.  Ms. Gardner does not "rely solely on the mere passage of time" to demonstrate prejudice.  *See United States v. King*, 483 F.3d 969, 977 (9th Cir 2007).  The pre-trial restrictions placed on Ms. Gardner, as well as the fear and anxiety that accompany these charges, are forms of prejudice recognized by the Supreme

Court and the courts of this Circuit.  *See Doggett*, 505 U.S. at 654; *Gregory*, 322 F.3d at 1163.

### C. The Government is wholly responsible for this extended delay

The government accuses Ms. Gardner of "casting baseless aspersions on the United States" with her argument that the government is responsible for delay in setting this case to trial. It argues that it is merely abiding by the Federal Rules of Criminal Procedure.

At the outset, it should be noted that Rule 8 of the Federal Rules of Criminal Procedure is written in permissive, rather than mandatory language.  That "two or more defendants *may be* charged in the same indictment" does not mean that they have to be.  *See* Fed. R. Crim. P. 8(b) (emphasis added).  Thus, while joinder of co-defendants may be preferred by the Federal Rules of Criminal Procedure, it is certainly not required.

Additionally, Ms. Gardner does not argue that judicial economy is an ill-conceived motive, or that a joint trial in this case is not appropriate in the abstract.  Rather, she asserts that the prejudice to her constitutional rights caused by clinging to these motives is not warranted. The government seems to be claiming that it is hamstrung by the Federal Rules of Criminal Procedure and that it has no options.  That is far from true.  The government chose to indict Ms. Gardner before it knew of the whereabouts of her co-defendants.  It can now stipulate to this severance or dismiss the charges against Ms. Gardner without prejudice, and re-file them when it is prepared to move forward with all the co-defendants.

### III. Ms. Gardner's Rights Under the Speedy Trial Act Are In Jeopardy

Ms. Gardner's Speedy Trial Act clock began to run, at the latest, on October 24, 2007, the day she first demanded her right to a speedy trial.  As such, she should be set for trial no later than January 2, 2008 – 70 days from her demand.  *See* 18 U.S.C. § 3161.

While this Court has excluded time from October 24, 2007 through December 12, 2007, Ms. Gardner submits that such an exclusion was in error.  The Court's requirement that Ms. Gardner move for severance in order to assert her right to a speedy trial should not be counted against her in calculating the Speedy Trial Act clock.  Additionally, with regard to the exclusion

1  from October 24, 2007 through November 7, 2007, Ms. Gardner asserts that 18 U.S.C. §

2  3161(h)(7) does not apply because the co-defendants were not even present in this District at that

3  time.  Additionally, the Speedy Trial Act permits the exclusion of a "reasonable period of delay

4  when the defendant is joined for trial with a co-defendant as to whom the time for trial has not

5  run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(7).  However,

6  "[e]xcludability under this section is not automatic; the period of delay must be 'reasonable.'"

7  *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999) (internal citations omitted).  In this

8  case, for the reason discussed in Ms. Gardner's moving papers, the exclusion from October 24,

9  2007 through December 12, 2007 is not reasonable.  Ms. Gardner should be afforded her right to

10  a prompt trial as provided by the Speedy Trial Act.

## CONCLUSION

12  For the foregoing reasons, Ms. Gardner respectfully requests that she be severed from her

13  co-defendants and that this Court set a trial date in her case at the earliest possible opportunity.

14  Dated: November 28, 2007

15                                      Respectfully submitted,

16                                      BARRY J. PORTMAN
                                        Federal Public Defender

17                                           /S/

18                                      JODI LINKER
19                                      Assistant Federal Public Defender

Def's Reply re: Mot. for Severance
Case No. 07-454 PJH                          6