UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

SHANNON BLAYLOCK,

    Defendant.
_____/

No. CR 07-0454 PJH

**FINAL PRETRIAL ORDER**

This matter came before the court for a pretrial conference on August 27, 2008. At the hearing, the court ruled on several motions and other pretrial issues as stated on the record and summarized below.

**I.    Government's Motions in Limine**

    **A.    Motion to Admit Evidence of Uncharged Conduct Under Federal Rule of Evidence 404(b) or as "Inextricably Intertwined" Other Act Evidence**

This motion overlaps with defendant's motion to exclude or limit the introduction of other bad acts. In that motion, Blaylock sought to exclude under Rule 404(b): (1) evidence of his alleged domestic violence against co-defendant Seaton; (2) evidence regarding his sex trafficking of adults; and (3) "any other irrelevant and prejudicial bad act evidence."

In its motion, the government stated that it sought to introduce "evidence of the defendant's activities in relation to the victim prior to her arrival in this district," but did not specify what that evidence was. The government asserted that defendant's activities were part of a continuing effort to prostitute the victim. It argued that the evidence was actually

not Rule 404(b) evidence, but was admissible because it was "inextricably intertwined" with other admissible evidence of the charged crimes. Alternatively, the government contended that the evidence was admissible under Rule 404(b).

At the pretrial conference, the court noted that it was impossible to rule on the motions given the fact that the government had not specified the particular evidence that it sought to introduce. It ordered the government to file a list and disclose the evidence by Tuesday, September 2, 2008. It further ordered the government to separate out what it contended was the Rule 404(b) evidence from the non-Rule 404(b) "inextricably intertwined" evidence. The court ordered the defendant to file his opposition by Wednesday, September 3, 2008.

The government timely filed its notice of intent to use Rule 404(b) evidence, which it supplemented on Friday, September 5, 2008. It did not, however, specify which, if any, of the alleged bad acts constituted non-Rule 404(b) "inextricably intertwined" evidence. Defendant failed to file any opposition.

In spite of the fact that the government did not separate out the evidence as requested by the court, the court finds that all of the "other act" evidence submitted by the government in its September 2 and 5, 2008 filings is admissible either as Rule 404(b) evidence and/or as non-Rule 404(b) "inextricably intertwined" evidence.

Evidence of prior crimes and bad acts can be admitted under Rule 404(b) if it is to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake and not to show bad character. The Ninth Circuit has articulated a four-part test for analyzing evidence admitted pursuant to this rule: (1) there must be proof of the prior bad act based on sufficient evidence; (2) the crimes or acts must not be too remote; (3) the prior conduct must be similar to the acts defendant is charged with; and (4) the evidence must prove an essential element of the offense. *United States v. Miller,* 874 F.2d 1255, 1268 (9th Cir.1989).

"Other act" evidence is admissible and need not meet the requirements of Rule 404(b) when its admission is "necessary to do so in order to permit the prosecutor to offer a

2

coherent and comprehensible story regarding the commission of the crime." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995); *see also United States v. Beckman,* 298 F.3d 788, 794 (9th Cir. 2002)*.* It is "necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." *Vizcarra-Martinez*, 66 F.3d at 1012*; see also United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (holding that where defendant was charged with conspiracy to defraud, evidence that defendant had previously lost three insured vessels at sea admissible was admissible "to permit the prosecutor to offer a coherent and comprehensible story").

Here, to the extent the evidence of other *acts* included in the filings is admissible under Rule 404(b), it is admissible to demonstrate intent, plan, knowledge, and the absence of a mistake or accident by the defendant. The evidence of the other acts is recent, is based on sufficient other evidence, is similar to the charged conduct, and is relevant to defendant's knowledge that the victim, V.S., was a minor. *See Miller,* 874 F.2d at 1268. Alternatively, the evidence is necessary to allow the government to present a complete and understandable story and to provide sufficient context for the jury. *See Vizcarra-Martinez*, 66 F.3d at 1012*.*

Finally, upon conducting the appropriate balancing under Rule 403, the court concludes that the probative value of the evidence substantially outweighs any undue prejudice. Admission of the evidence will indeed prejudice the defendant, but undue prejudice is not apparent to the court, and the defendant has not bothered to submit any opposition to the government's notice.

For the above reasons, the government's motion to admit the evidence is GRANTED and defendant's related motion is DENIED. This ruling is, however, limited to the evidence of *conduct* or *acts* included in the government's September 2 and 5, 2008 filings. The court notes that the government has erroneously included numerous statements made by defendant, codefendant Seaton, "Antonio Williams," and "another pimp" in its Rule 404(b) filings. These statements do not constitute "acts," and are not admissible for the reasons

set forth above. However, the court concludes that defendant's statements, as included in these filings, are admissible either as coconspirator statements under Rule 801(d)(2)(E), as discussed below, or as party admissions under Rule 801(d)(2)(A). Seaton's statements, as included in these filings, are admissible as coconspirator statements under Rule 801(d)(2)(E), as discussed below. Williams' and the "other pimp's" statements, by contrast, are not admissible absent an additional proffer by the government explaining their identity and establishing a hearsay exception or other bases for admission.

### B. Motion to Bar Defense Reference to Hearsay

The government seeks to prevent Blaylock from making reference to his own out-of-court statements made to any coconspirator or third party "at any time." It contends that the government may introduce Blaylock's statements as admissions of a party-opponent under Rule 801(d)(2)(A), but that the opposite is not true because Blaylock is not a party-opponent. The government thus seeks an order precluding the defense from eliciting any statements made by the defendant: (1) from any government witnesses who testify at trial; (2) from the defendant should he elect to testify; and (3) from any third party witnesses the defense may call at trial.

Because the government has not pointed to any specific out-of-court statements made by defendant, and because any such statements may indeed be admissible as coconspirator statements, the court DEFERS ruling on the government's motion until defendant proffers specific statements at trial.

### C. Motion to Limit Cross-Examination

The government requests the court to specially order defense counsel to confine his cross-examination and impeachment "to the limits set forth by law." The government also asks that the defense be ordered to provide both the government and the court with a proffer of his proposed impeachment of the victim and her grandmother's direct examination testimony outside the presence of the jury and prior to commencing the cross-examination. The government notes that it has concerns that Blaylock will improperly attempt to elicit evidence of the victim's or her grandmother's prior bad acts or prior

uncharged conduct to attack their characters.

As stated on the record, the court DENIES the government's motion. The cases cited by the government do not support the relief it seeks, and the court declines to enter such an order under Rule 103(c).

### D. Motion to Bar Reference to Penalty or Collateral Consequence

This unopposed motion is GRANTED. *See United States v. Olano*, 62 F.3d 1180, 1202 (9th Cir. 1995).

### E. Motion to Admit Defendant's Prior Convictions under Federal Rule of Evidence 609

This motion overlaps with the defendant's motion to limit or exclude the introduction of defendant's prior criminal record.

If Blaylock testifies, the government intends to introduce two of his prior felony convictions under Rule 609(a)(1), including one for bail jumping in October 2007 and one for unlawful possession of a firearm in October 2007. Additionally, if Blaylock testifies, the government will also seek to introduce four misdemeanor convictions under Rule 609(a)(2), including: (1) an October 19, 2007 conviction for fraudulent use of an ID; (2) a June 9, 2007 conviction for unlawful use of a driver's license; (3) a March 21, 2002 conviction for theft of property; and (4) a November 17, 1999 conviction for evading arrest.

#### 1. Felony Convictions

The five factors that this court must consider in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1) include:

(1) the impeachment value of the prior crime;

(2) the point in time of conviction and the defendant's subsequent history;

(3) the similarity between the past crime and the charged crime;

(4) the importance of the defendant's testimony;

(5) the centrality of the defendant's credibility.

*United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). As stated on the record, the court finds that all five factors above support admission of defendant's prior felony

convictions except for number one. The prior convictions are very close in time to the current charges; they are dissimilar in nature from the current charges; and, assuming that defendant testifies, his credibility will play a central role in this case. Accordingly, the court GRANTS the government's motion to introduce the prior felony convictions under Rule 609 and DENIES the defendant's related motion.

### 2. Misdemeanor Convictions

Rule 609(a)(2) provides that "evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." The court concludes that the first three misdemeanors set forth above are admissible under Rule 609(a)(2) because they reflect on defendant's honesty; however, the court declines to admit the November 17, 1999 conviction for evading arrest. Accordingly, the court GRANTS IN PART AND DENIES IN PART the government's motion to introduce the prior misdemeanor convictions under Rule 609 and GRANTS IN PART AND DENIES IN PART the defendant's related motion.

### F. Motion to Bar Evidence of Victim's Consent

The government seeks to exclude under Rules 401 and 403 any evidence that the victim consented to the charged conduct. It argues that such evidence is not an element of the offense, is not a proper defense, and also that minors cannot consent to their own sexual exploitation by others. *See United States v. Rashkovski*, 301 F.3d 1133, 1137 (9th Cir. 2002). Defendant agrees that "consent" is not relevant, but argues nevertheless that the fact that the victim initiated contact with codefendant Seaton is central to Blaylock's defense that he was not aware of the victim's age. He argues that evidence that the victim contacted Seaton is simply a predicate fact that will undermine his knowledge of the victim's age.

As stated on the record, the court GRANTS the government's motion, but notes that evidence regarding whether or not the victim initiated contact with the defendant is not evidence of consent, may constitute relevant background evidence, and thus is not barred

by the instant ruling.

Moreover, the court has reconsidered this issue and now agrees with defense counsel that a limitation on questions that may be posed of the victim may prove to be unduly restrictive. For instance, the court stated at the pretrial conference that since the victim's consent is irrelevant, she could not be asked whether she "agreed" to do a certain act. However, an affirmative answer to this question, depending on the act at issue, might not necessarily suggest legal consent. On balance, the court finds that a better way to prevent the jury's reliance on any purported consent of the victim, is an instruction to the jury that her consent is no defense to the charge and an order precluding any defense argument suggesting that the victim consented to the acts of prostitution.

### G. Motion to Bar Evidence Regarding Past Sexual History of Victim

As stated on the record, to the extent that the defendant sought to introduce evidence regarding the victim's past sexual history, his Rule 412 motion was due **no later than Tuesday, September 2, 2008.** Because defendant did not file such a motion, and because the court concludes that such evidence is likely to be irrelevant and unduly prejudicial, the government's motion is GRANTED pursuant to Rules 401, 403, 412, and 608.

## II. Defendant's Motions in Limine

### A. Motion to Exclude or Limit the Introduction of Coconspirator Statements

Blaylock anticipates that the government will seek to introduce under Rule 801(d)(2)(E) coconspirator statements from codefendant Tawakani Seaton. He requests that this court hold a hearing at which the government is required to disclose specific coconspirator statements that it intends to elicit from Seaton. In its opposition, the government did not provide the court or defendant with any specific coconspirator statements that it seeks to admit because Seaton had not yet pled guilty at the time the opposition was filed.

At the pretrial conference, the court advised the government that prior to conditional admission at trial, the government will be required to demonstrate by a preponderance of

the evidence that: (1) the conspiracy existed when the statement was made; and (2) the defendant had knowledge of, and participated in the conspiracy. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006). Accordingly, the court ordered the government to file and serve a description of the specific coconspirator statements that it seeks to admit, along with a showing regarding the above two pre-admission factors, no later than September 5, 2008.

The court finds that the September 5, 2008 summary submitted by the government establishes by a preponderance of the evidence the existence of a conspiracy that included the defendant Seaton, and the victim, and also that defendant had knowledge of and participated in the conspiracy. The third requirement, that "the statement was made in furtherance of the conspiracy," may be satisfied at trial. *See id.* In the absence of any objection by defendant to specific testimony proffered by the government in its September 5, 2008 filing, and to the extent the government has set forth specific coconspirator statements made by Seaton in that filing, the court DENIES defendant's motion.

Additionally, the court notes that the government's September 5, 2008 coconspirator filing also includes coconspirator statements made by the victim, V.S., which the court finds are admissible under Rule 801(d)(2)(E) based on the government's preliminary showing discussed above.

### B. Motion to Produce Grand Jury Transcripts

The government agreed at the pretrial conference to produce copies of the grand jury transcripts to defendant no later than Friday, August 29, 2008.

## III. Jury Instructions

As discussed on the record, the court does not understand the nature of the parties' dispute regarding the five disputed jury instructions. The parties are ordered to meet and confer and to attempt to resolve their issues with respect to those five instructions, and the court will DEFER ruling on the five disputed instructions until trial.

Additionally, the parties are ordered to submit copies of the standard jury instructions omitted from their initial filings no later than the first day of trial.

**IV.   Verdict Form**

The parties are ORDERED to file a jointly revised verdict form by the first day of trial.

**V.   Voir Dire**

For the reasons set forth on the record, the court STRIKES question no. 13. Additionally, the court notes that the voir dire questions should utilize the word "minor" instead of "child."

Regarding the defendant's question no. 3, the court rules that the background of the defendant will not be provided to the jury during voir dire, with the exception of the minimal facts necessary to apprise the jury regarding the nature of the case. Moreover, the court will not ask the second sentence of no. 3.

Finally, the court will simplify both parties' lists of voir dire questions substantially.

**IT IS SO ORDERED.**

Dated: September 9, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge